738

## LA BARBERA v. GRUBARD.
### No. 403.

Circuit Court of Appeals, Second Circuit.
June 10, 1940.

George G. Lake, of New York City, for creditor-appellant.

Sydney Basil Levy, of New York City, for bankrupt-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

In Kroell v. New York Ambassador, 2 Cir., 108 F.2d 294, 296, we said that Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorizing the court, within a reasonable time not exceeding six months, to relieve a party from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, indicated the proper grounds (though perhaps not the time) for a bankruptcy court to follow in reopening a bankruptcy decree. We think that rule should control the present case, In re Pottasch Bros. Co., 2 Cir., 79 F.2d 613, 617, 101 A.L.R. 1182, and justifies the order entered herein by the referee which the trial court refused to review. The circumstances were that the referee had set a hearing date upon the creditor's objections to the bankrupt's discharge, when counsel for the creditor requested an adjournment to meet a professional engagement out of town. The request was acceded to by the bankrupt's attorney, but there is a sharp dispute whether adjournment was to be to a time certain or to some date approximately two weeks in the future, of which counsel was to advise bankrupt's attorney. At any rate, the hearing was held on the day two weeks after the original date, and upon default of appearance for the bankrupt the referee proceeded to an inquest, leading to his denial of a discharge. Bankrupt's attorney asserts that he was engaged before another referee at the time, and his office associate actually was in appearance before the referee herein, but left the courtroom without knowledge of this hearing. As was to be expected, bankrupt's counsel promptly moved for the reopening of the default when he learned of it. If there was overreaching of counsel, the referee's action in reopening the default was clearly justified.

But we do not need to settle this dispute, because in any event there appears to have been an excusable mistake and the referee exercised a sound discretion in vacating his original order.

Appellant asserts vigorously that such action is erroneous in the absence of a showing of facts from which a valid defense may be inferred. Such a showing or its equivalent will usually be required by a court, since it will not wish to do a vain thing and prolong proceedings where there is no real issue. The Amaranth, 2 Cir., 68 F.2d 893, 895. But discretion to avert injustice because of mistake or inadvertence of counsel should not be confined, and by the rule cited is not confined, by arbitrary limitations. Here the bankrupt had not had her day in court on the most vital matter to her of the whole bankruptcy proceedings. The referee was justified in taking the direct course of according her a hearing upon a showing of the mischance which had led to her prejudice and without a trial heat to see if he should act.

Affirmed.