## In re BURDICK.

### No. 35574.

District Court, W. D. New York.

Sept. 14, 1945.

Karl Goldman, of Buffalo, N. Y., for petitioner.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y., (Howard T. Saperston, of Buffalo, N. Y., of counsel), for bankrupt.

BURKE, District Judge.

The creditor's application brings here for review an order made by the Referee in Bankruptcy vacating his previous order denying the bankrupt's discharge, which was entered by the Referee upon the bankrupt's failure to appear at the hearing on his application for discharge, and fixing a time for the bankrupt's appearance for examination in relation to the objections to his discharge. The only ground for review of the order is the asserted lack of authority of the Referee to vacate his previous order, in view of the provision concerning waiver of the right to discharge contained in section 14, sub. e, of the Bankruptcy Act, 11 U.S. C.A. § 32, sub. e.

The literal construction of section 14, sub. e, contended for by the petitioner would impose upon referees in bankruptcy a veritable strait-jacket in relation to matters of bankrupt's discharges and would prevent a referee from ever vacating an order determining that a bankrupt had waived his right to a discharge for failure to appear at a hearing upon his application for discharge, regardless of the merits of the application to reopen the default and regardless of the lack of blame upon the part of the bankrupt. Such an unreasonable construction was, in my opinion, never intended by Congress and should be avoided. A referee has the power to relieve a party from a bankruptcy decree entered against him through his mistake, inadvertence, surprise or excusable neglect. La Barbera v. Grubard, 2 Cir., 112 F.2d 738; In re Pot-

tasch Bros. Co. 2 Cir., 79 F.2d 613, 617, 101 A.L.R. 1182.

The order of the Referee vacating his previous order, and reopening the default, was in the exercise of his discretion and should be confirmed.