In re LOWERREE et al.

In re SKI SPORT, Inc.
No. 43, Docket 20302.

Circuit Court of Appeals, Second Circuit.
Argued Oct. 10, 1946.

Decided Nov. 6, 1946.

832

George J. Hatt, 2d, of Albany, N. Y., for appellant.

Harry A. Allan, of Albany, N. Y., for appellee Elton Lowerree.

Samuel Jacobs, of Albany, N. Y., for appellee Philip R. Marshall.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The question for decision is whether the District Court has the power to set aside the referee's order, denying a discharge on the merits, after the expiration of the time for taking an appeal from that order to the District Court. It is urged that this power may be found in § 2, sub. a (8) of the Chandler Act, 11 U.S.C.A. § 11, sub. a (8), which provides that the bankruptcy court may "reopen estates for cause shown."

While this subsection authorizes the court, in the exercise of its sound discretion, to re-open estates in proper circumstances, it has nothing to do with the setting aside of a referee's order denying a discharge on the merits. The statutory scheme reveals the distinction: § 2, sub. a (2) authorizes the allowance and disallowance of claims. § 2, sub. a (7) provides that the court may "cause the estates of bankrupts to be collected, reduced to money and distributed." § 2, sub. a (8) empowers the court to "close estates * * * whenever it appears that the estates have been fully administered * * *; and re-open estates for cause shown." By § 2, sub. a (12) the court is authorized to "discharge or refuse to discharge bankrupts and set aside discharges and reinstate the cases." Thus the Act differentiates between (1) the power "to reopen estates" and (2) the power to "reinstate the cases" so as to permit the courts to "set aside discharges." Nor is this differentiation surprising. For administration of the estate has to do with the distribution of assets owned by the bankrupt at the time of his adjudication, while discharge in bankruptcy concerns itself with the protection of the bankrupt's assets, acquired after adjudication, from the claims of creditors who participate in the bankruptcy proceedings.[1]

The history of bankruptcy emphasizes this distinction. The first English enactment relating to bankruptcy, enacted in 1542, and all subsequent Acts until the beginning of the eighteenth century, were devised solely as aids to creditors in the collection of debts. Not until bankruptcy statutes had been in force for more than one hundred and fifty years did the idea become operative that the bankrupt might be entitled to a discharge from the debts remaining after his assets had been distributed among his creditors.[2]

The contention made here in support of the district judge's order, a contention which confuses the two distinct aims of the Act—i. e., administration of the estate and discharge—rests on the citation of cases in which an estate was closed without any action, one way or the other, on the discharge. In some such cases, reopening of the estate may be an indispensable condition precedent to the consideration of the discharge. Thus a bankruptcy proceeding may have been dismissed, without administration of the assets, before any action has been taken with regard to a discharge, because the bankrupt failed to furnish the required indemnity.[3] In such a case, the estate may sometimes properly be reopened, in the court's sound discretion under § 2, sub. a (8), "for cause shown," in order to enable the bankrupt to procure a discharge, since, unless the bankruptcy proceeding were revived, the matter of discharge could not be considered. In re Perlman, 2 Cir., 116 F.2d 49; In re Butts, 2 Cir., 123 F.2d 250. But that is not the situation here, as here action had been taken, denying discharge, before the closing of the estate.

When an "unadministered estate" has been closed, without the grant of a discharge, and has not been re-opened, the result, we have held, is the legal equivalent of the denial of a discharge on the merits, in the sense that, if a second bankruptcy proceeding is subsequently begun, no debts scheduled in the first proceeding will be affected by a discharge in the second. Perlman v. 322 West Seventy-Second Street Co., Inc., 2 Cir., 127 F.2d 716. But, because, for such purposes, closing of an estate is treated as the implied equivalent of

---

[1] See In re Barton's Estate, D.C., 144 F. 540.

[2] Bankruptcy, by William O. Douglas (now Mr. Justice Douglas) 1 Encyc.Soc. Sc. (1930) 449.

[3] Before the 1938 amendment, proceedings were sometimes dismissed without the grant of a discharge for failure to apply therefor within the time limited by the Act.

denial of a discharge, it does not at all follow that the explicit denial of a discharge is so intertwined with the administration of the assets that the statutory authority to reopen an estate includes authority to vacate an order expressly refusing a discharge.

There remains the question whether any other basis exists for the relief granted the bankrupts by the district judge. The time for appeal from the referee's order had long since gone by, and in any event, an appeal would have been useless, since there were clearly no grounds for a reversal of that order. The bankrupts' petition, however, might conceivably be treated as a motion or petition under Rule 60(b) [4] of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[5] If the proceedings had not been closed before the filing of bankrupts' petition, it would be clear that any such motion or petition under Rule 60(b) should have been addressed to the bankruptcy court in the person of the referee.[6] See In re Pottash Bros., 2 Cir., 79 F.2d 613, 617, 101 A.L.R. 1182; La Barbera v. Grubard, 2 Cir., 112 F.2d 738. However, the question arises whether the referee's authority survived the termination of the proceedings.[7] Assuming, without deciding, that it did not, and that the District Court was the proper forum, the bankrupts were nevertheless not entitled to the relief here granted by the District Court. In Kroell v. New York Ambassador, 2 Cir., 108 F.2d 294, 296, this court intimated that the six months allowed for a motion under Rule 60(b) might be shorter when the motion was made in bankruptcy; but we did not suggest that the time could be longer. Relief by motion became impossible on March 23, 1943. This was some months before the induction into the armed forces of the bankrupts, and over a month after garnishee execution had issued against Lowerree's wages; at that time, if not before, he must have become aware of the denial of the discharge, though the claim is made that bankrupts' lawyer, Frank, failed to inform the bankrupts of the denial. The only remaining possibility is to construe the order of the court below as an "action to relieve a party from an order" under the saving clause of Rule 60(b). But, in Wallace v. United States, 2 Cir., 142 F.2d 240, 244, we said that the relief granted under the saving clause could only be of the kind which would previously have been proper, after the expiration of the term, in proceedings by way of an ancillary writ or bill (i.e., a writ of error coram nobis or vobis, a bill of review, or a bill in the nature of review) or in an independent suit to set aside an order for "extrinsic" fraud. No allegation of fraud has been made, and the relief granted here is not such as would have been available in any of such actions.

It follows that the order setting aside the denial of the discharge must be reversed.

We feel constrained to say that, had the authority to issue the order existed, then, absent good cause, it would have been a more seemly exercise of the court's discretion to send the proceedings back to the original referee, if he were still in office, rather than to a different referee, unfamiliar with the proceedings.

Reversed.

---

[4] Rule 60(b). "On motion the court, * * * may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. * * * This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding. * * *"

[5] General Order 37, 11 U.S.C.A. following section 53, makes the Federal Rules applicable to proceedings in bankruptcy.

[6] General Order 12(1).

[7] Petitions under § 2, sub. a(8) to reopen an estate, are addressed not to the referee, but to the District Court, sitting as the court of bankruptcy.