**WOLFSOHN v. RAAB.**

**Civ. No. 11728.**

United States District Court
E. D. Pennsylvania.

May 1, 1951.

———◆———

Harry W. Steinbrook, Philadelphia, Pa., for plaintiff.

Howard Wallner, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Defendant moves to vacate a default judgment, under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A. It appears that the defendant, a resident of Florida, had been served with a summons and complaint while in Philadelphia on business, on December 15, 1950. Upon his return to Florida, on or about December 25, he turned the summons and complaint over to his Florida attorney, who, on December 28, forwarded the papers to a Philadelphia correspondent, who returned them by mail on December 30, advising he would not represent defendant. The papers arrived from Philadelphia on January 3, whereupon the Florida counsel immediately telephoned another attorney in Philadelphia who did undertake to represent the defendant. The summons and complaint were forwarded to him by air mail, with an analysis of the plaintiff's claim and the defense to be prepared. On January 4, the last day to answer, defendant's Philadelphia counsel prepared certain motions but, owing to a miscalculation of the time by Florida counsel, as well as by himself, he neglected to file them until January 5. On that day, a default judgment was entered.

Permission to plead after the allotted time, under Rule 60(b), is a matter for the discretion of the trial judge, Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 130 F.2d 185. The delay was a matter of only one day. It was the result of mistakes in time calculation made by both Florida and Philadelphia counsel of the defendant. The plaintiff's claim is a substantial one and the defendant sets up a meritorious defense. According the defendant his day in court will work no prejudice to the plaintiff and will be in the interest of justice. "* * * [D]iscretion to avert injustice because of mistake or inadvertence of counsel should not be confined, and by the rule cited is not confined, by arbitrary limitations." La Barbera v. Grubard, 2 Cir., 112 F.2d 738, 739.

The default judgment, therefore, will be set aside.