Daniel PIZZICHIL

v.

MOTORS INSURANCE CORPORATION.

Civ. A. No. 80–2694.

United States District Court,
E. D. Pennsylvania.

April 24, 1981.

Frederick C. Sturm, Philadelphia, Pa., for plaintiff.

Timothy J. Savage, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

Plaintiff Daniel Pizzichil brought this action against his insurance carrier Motors Insurance Corporation, alleging that Motors had failed to indemnify Pizzichil for a loss allegedly covered under his motor vehicle policy with Motors. Because there was less than fifty thousand dollars at issue, the case was referred to a panel of arbitrators pursuant to Rule 8 of the Local Rules of the United States District Court for the East-

ern District of Pennsylvania. After a hearing, the arbitrators rendered an award in favor of the defendant. The award was filed with the Clerk on November 20, 1980.

Copies of the award were mailed to counsel for the parties. On the face of the award was printed the following notice about the time limit for appeals from the award imposed by Local Rule 8, sections 6 and 7(a):

> This award will become a final judgment of the court, without the right of appeal, unless a party files with the court a demand for a trial *de novo* within twenty days after the filing of the arbitration award.

The last day for filing a timely demand for trial *de novo* was December 10, 1980. On December 12, 1980, I entered an order pursuant to Local Rule 8, section 6, certifying the award of the arbitrators as a final judgment. On that same day, Pizzichil's demand for trial *de novo* was docketed.

Motors contends that Pizzichil's demand is barred as untimely. Pizzichil advances two reasons why he should not be barred.[1] First, Pizzichil contends the filing was timely because it was made within twenty days of his receipt of a copy of the award. Second, Pizzichil contends that even if he did not file until after the time had run, his lateness should be excused because he mailed his demand six days before the deadline and through no fault of his own it was not delivered by the postal service until two days after the time for filing had run.

With respect to his first contention, Pizzichil maintains that under Rule 26(c), of the Federal Rules of Appellate Procedure, he was entitled to have until December 13, 1980, in which to demand trial *de novo*, and that his demand filed December 12, 1980, was therefore timely. Quite plainly, this is a proceeding in the district court and the

---

1. Pizzichil's contentions are not clearly stated. In his petition to vacate judgment, Pizzichil appears to advance the position that judgment should be vacated because the postal service was at fault in not promptly delivering to the court his demand for trial *de novo*. In his memorandum of law, he appears to advance the position that his demand was timely filed because he was entitled to an additional three days beyond the twenty-day period in which to file it. I have assumed that counsel intended to advance both positions, and I will discuss each in turn.

Appellate Rules are not applicable to district court proceedings. Rule 1, F.R.App.P. Although counsel does not cite it, I note that there is a counterpart to Appellate Rule 26(c) in Rule 6(e) of the Federal Rules of Civil Procedure, which provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

■ Counsel for Pizzichil avers by affidavit that he received by mail on November 23, 1980, a copy of the arbitrators' award entered on November 20. His argument appears to be that since the award was forwarded by mail, the 3-day extension is applicable. There is no provision, however, in the Local Rules for service of notice of the award. It is the filing of the arbitrators' award which triggers the running of the time for filing the demand for trial *de novo*. In addition, Rule 6(e), F.R.Civ.P., has been interpreted not to afford time extensions in a number of situations. For instance, Rule 6(e) may not be invoked to expand the period of time in which to appeal from a final civil judgment to the circuit court. 2 Moore, Federal Practice ¶ 6.12, p. 1500.209. Similarly, it may not be invoked to expand the time within which a petition for removal may be filed pursuant to 28 U.S.C. § 1446, *Youngson v. Lusk*, 96 F.Supp. 285 (D.Neb.1951), or the time within which to petition for review of an order of a bankruptcy judge, *Goff v. Pfau*, 418 F.2d 469 (8th Cir. 1969). Moreover, where a statute provides that the time for taking action begins to run as of the date of the *filing* of an order, the fact that notice of filing was given by mail does not entitle the party to the three-day extension provided by Rule 6(e). *United States ex rel. Tennessee Valley Authority v. Easement & Right of Way*, 386 F.2d 769 (6th Cir. 1967), *cert. denied sub nom., Skaggs v. United States*, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1136 (1968). As Professor Moore states the general rule:

... even though the operative statute or regulation provides that notice of the decision must be mailed to a party, the filing of the decision or some other prior event may trigger the period within which action must be taken. And, where this is the case, Rule 6(e) has no application. Moore, *supra*, ¶ 6.12, p. 1500.210.

■ Here, section 6 of Local Rule 8 makes clear that the arbitrators' award "shall be entered as the judgment of the court after the time for requesting a trial *de novo* pursuant to § 7 has expired, unless a party demands a trial *de novo* before the court pursuant to that section." Section 7(a) of the Rule further specifies that the demand must be made "[w]ithin 20 days after the filing of the arbitration award with the court." Since the running of time within which to file a demand for trial *de novo* was clearly triggered by the *filing* of the arbitrators' award, Rule 6(e), F.R.Civ.P., cannot be invoked to extend the time within which a party can file. Pizzichil's filing on December 12, 1980 was therefore untimely.

■ Pizzichil further argues that even if his filing was untimely, he should be excused because of delay in the delivery of mail. Counsel for Pizzichil avers in his affidavit that he mailed the demand for trial *de novo* first-class, postage prepaid, on December 4, 1980, six days before the deadline. Pizzichil contends that he should not be penalized for the postal service's failure to make delivery by December 10. This argument lacks merit. Pizzichil chose to use the postal service to file his notice of appeal, and the postal service in effect became his agent for that purpose. He cannot now complain that the agent of his choice failed to perform adequately.

■ Pizzichil's motion can also be considered as a broad request for equitable relief from the judgment against him. Local Rule 8, section 6, provides that a judgment entered pursuant to arbitration "shall be subject to the same provisions of law, and shall have the same force and effect as a judgment of the court in a civil action." Although Pizzichil does not raise

the contention, I am aware that an argument might be made that, because the judgment against him is the same as any other civil judgment, he can seek relief from it under Rule 60(b), F.R.Civ.P. *Lowenfish v. Kirkpatrick,* No. 79–4317 (E.D.Pa., Sept. 19, 1980).

Rule 60(b)(1) provides that a judgment may be set aside because of "mistake, inadvertence, surprise, or excusable neglect." Here, counsel for Pizzichil has sworn by affidavit that he placed the demand for trial *de novo* in the mail six days before the deadline for filing. Counsel's averments have not been contradicted, and an uncontroverted affidavit by counsel is entitled to belief. *Estate of Murdoch v. Commonwealth of Pennsylvania,* 432 F.2d 867, 870 (3d Cir. 1970); *Israel Aircraft Industries, Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir. 1977); *Lowenfish, supra.* The address of counsel is 330 Spruce Street, Philadelphia, less than one mile from the federal courthouse, in a business section of the City where postal pick-up and delivery is frequent. Although counsel was neglectful in serving his demand for trial *de novo* by mail, under these circumstances, I am persuaded that counsel's conduct in relying on the postal service was reasonable, and constitutes excusable neglect. It is true that counsel's faith in the postal service was misplaced, but I can scarcely say that counsel was reckless in assuming that a letter could travel the brief distance from his office to the courthouse within six days.

In *Wolfsohn v. Raab,* 11 F.R.D. 254 (E.D. Pa.1951), the defendant was represented by attorneys from two states, who as a result of confusion over responsibility for the case, miscalculated the time in which to answer a complaint, and filed the answer one day late. A default judgment was entered, and defendant then moved for relief from it. The court vacated the judgment under Rule 60(b), noting that counsel's mistake was excusable, and that the delay in answering the complaint negligible. Similarly, in *Nicholson v. Allied Chemical Corp.,* 200 F.Supp. 206 (E.D.Pa.1961), a clerical error by defense counsel in processing a claim forwarded by his insurance carrier client resulted in a failure to seek an extension of time in which to answer the complaint. A default judgment was entered. The court, in response to a motion under Rule 60(b), vacated the judgment, noting that counsel's oversight was excusable, and that counsel had acted promptly to rectify his mistake.

█ Counsel's conduct in the instant case is no worse than that of counsel in *Wolfsohn* or *Nicholson.* Moreover, to deny relief under Rule 60(b) would in effect confer a windfall upon the defendant. Had the demand been timely filed, Pizzichil would have been entitled to trial *de novo* as a matter of right. I am hard pressed to accept Motors' position that it would be equitable to strip Pizzichil of this right simply because his demand was two days late. The policy of the Federal Rules favors disposition of a case on its merits, *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir. 1951), and this policy would be frustrated if I were to permit the minor error by counsel in this case to bar Pizzichil from trial *de novo* on his claims.

Pizzichil's petition to vacate judgment will be granted.