**Raymond A. NICHOLSON, Sr., Plaintiff,**

v.

**ALLIED CHEMICAL CORPORATION,**
**Defendant.**

**Civ. A. No. 29971.**

United States District Court
E. D. Pennsylvania.

Nov. 13, 1961.

Laurence H. Eldredge, Philadelphia, Pa., for plaintiff.

John B. Hannum, III, Philadelphia, Pa., for defendant.

WELSH, Senior District Judge.

This is a motion by the defendant, Allied Chemical Corporation, to set aside the default judgment entered against it.

The following facts appear: The complaint together with a summons was filed on July 24, 1961 and service was made on the defendant on July 31, 1961. On August 7, 1961, the file and the complaint were received by counsel for defendant from defendant's insurance carrier. A letter from John B. Hannum, Esquire, acknowledged receipt of said file and complaint; said letter was dictated to the insurance carrier for the defendant on August 8, 1961 and mailed August 10, 1961. It advised, inter alia, that Mr. Hannum intended to secure from plaintiff's attorney an extension of time to file an answer. A stipulation for extension of time to file an answer or otherwise move was not forwarded to plaintiff's counsel with prior telephone call to confirm approval by plaintiff's counsel for such stipulation, contrary to a routine office procedure of defendant's counsel which has been followed without a single error in execution of this procedure in more than eleven years. On September 15, 1961, defendant's counsel learned that on September 1, 1961 plaintiff's counsel had taken a default judgment for failure of the defendant to "appear, plead or otherwise defend". On September 18, 1961, the defendant filed the instant motion to set aside the default judgment reciting in essence the above facts. In addition, counsel for the defendant filed a brief on said motion stating that defendant has a meritorious defense to the action of plaintiff as follows:

"File obtained from defendant's carrier indicates that the 'physical examination was difficult due to the inability of the patient to co-operate'. A previous history of an automobile collision in 1954 or 1955 was obtained. Two witnesses of defendant indicate that, although claimant was excited, he did not appear to be injured. Both witnesses say that Nicholson did not mention anything about being injured and there is no

report of his receiving any treatment. The explosion occurred at 3:25 a. m. and, as far as the two witnesses of defendant are concerned, Nicholson did not say anything about being knocked off his truck. To the best of defendant's knowledge, Nicholson drove the truck away. He received no first aid.

"Paragraph 4 of plaintiff's complaint is significant. It is alleged that *'the force of said explosion blew plaintiff into the air'*. Fair minds might hesitate to accept the verity of this allegation, particularly since defendant understands that plaintiff is 33 years old, 68⅛ inches tall, well nourished and well developed, and weighs 201 pounds.

"There is no question that there was an explosion. There is a serious question whether the explosion was the proximate cause of plaintiff's alleged injuries in view of the circumstances and the facts as above recited."

██ The above facts, we think, constitute the good cause required to set aside a default judgment under Rule 55 (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. They show, inter alia: (1) that the default was caused by the excusable neglect of a member of the clerical staff of defendant's counsel in failing, contrary to the well-established office procedure, to secure from plaintiff's attorney the stipulation for the extension of time to file an answer or otherwise plead; (2) that upon learning of said failure, counsel for defendant acted promptly and diligently in filing the instant motion and (3) that defendant has a meritorious defense to plaintiff's action for the recovery of damages for personal injuries caused by an explosion in defendant's plant.

Good cause having been thus shown it is ordered that defendant's motion to set aside the default judgment is granted. It is further ordered that defendant is granted leave to file an answer to the complaint within ten (10) days of the date hereof.