**James DAVID**
v.
**CROMPTON & KNOWLES CORP.**
v.
**CROWN PRODUCTS CORP.**
v.
**GEORGE YOUNG CO.**
**Civ. A. No. 70–3411.**

United States District Court,
E. D. Pennsylvania.
Jan. 10, 1973.

Stephen M. Feldman, Philadelphia, Pa., for plaintiff.

Lynn Detweiler, John F. McElvenny, John P. Penders, Philadelphia, Pa., for defendant.

## MEMORANDUM

HUYETT, District Judge.

The present case is a products liability action involving a serious personal in-

jury. Defendant, Crompton & Knowles Corporation (Crompton), seeks to amend its answer to Paragraph 5 of the complaint which alleges that Crompton designed, manufactured and sold a shredding machine, 600 AAZ Series 11, to Crown Products Corporation (Crown).[1] In its answer to the complaint Crompton averred that it was without sufficient knowledge or information to admit or deny the allegation and demanded proof. It now seeks to deny that it designed, manufactured and sold the machine in question.

Crompton bases its proffered denial upon information which it claims it discovered during 1972. It alleges that the machine was designed, manufactured and sold by James Hunter Corporation (Hunter) prior to its purchase of Hunter, and that it did not assume liabilities for the negligent design, manufacture or sale of machines by Hunter prior to its purchase of Hunter's assets in 1961.

■■■ An answer to an averment in a complaint which states that the party lacks sufficient information or knowledge to admit or deny the averments is permitted by Fed.R.Civ.P. 8(b) and it has the effect of a denial. A party, however, may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading. *See*, 2A J. Moore, Federal Practice ¶ 8.22 (1968). An averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information. Mesirow v. Duggan, 240 F.2d 751 (8 Cir.), cert. denied sub nom. Duggan v. Green, 355 U.S. 864, 78 S.Ct. 93, 2 L. Ed.2d 70 (1957). Crompton claims that

it only recently discovered the information which it now uses as a basis to deny the allegations of Paragraph 5. Plaintiff contends that Crompton's denial of knowledge or information was patently false and should be treated as an admission.

The request for leave to amend assumes significance if Crompton's original answer to Paragraph 5 is deemed an admission. If it is considered an admission, then it is necessary to decide whether an amendment which might greatly affect plaintiff's right to recovery should be allowed, but if it is not deemed admitted and is considered denied in the original answer, then the amendment will only serve as a clarification.

The machine which was involved in the accident was designed, manufactured and sold by Hunter to Crown in 1961.[2] Crompton admits that it was aware that the machine was a Hunter product at the time it answered the complaint or very shortly thereafter.[3] Nevertheless, in answers to interrogatories and in a third-party complaint Crompton indicated that it was responsible for the design, manufacture and sale of the machine which was made prior to its purchase of Hunter. Crompton relies entirely on its claim that it has only recently discovered that the contract by which it purchased Hunter did not make it responsible for liabilities of this kind.

■■■ In Mesirow v. Duggan, *supra*, the court held that if the matter alleged in the averment was a matter of record peculiarly within the control and knowledge of the defendant, an answer that defendant was without knowledge or in-

---

1. Crompton filed a third-party complaint against Crown, which in turn filed a third-party complaint against George Young Company, which installed the machine on Crown's premises.

2. The shredding machine denominated in the complaint is not the correct machine. The proper machine was a Model F-4000 Garnett machine which Crompton referred

to in answers to interrogatories filed October 1, 1971. This machine was sold by Hunter to Crown as was the shredding machine mentioned in the complaint.

3. In answers to interrogatories Crompton asserted that it learned of the action from Hunter, which is now a division of Crompton.

formation sufficient to form a belief did not constitute a denial under Fed.R. Civ.P. 8(b). *See also,* American Photocopy Equipment Co. v. Rovico, Inc., 359 F.2d 745 (7 Cir. 1966); Harvey Aluminum, Inc. v. N. L. R. B., 335 F.2d 749 (9 Cir. 1964); Squire v. Levan, 32 F.Supp. 437 (E.D.Pa.1940); 2A J. Moore, Federal Practice ¶ 8.22 (1968). In the present case Crompton admits knowledge of Hunter's role in the design, manufacture and sale of the machine. Its assertion of lack of knowledge or information, therefore, must have been in relation to responsibility which it assumed for such a claim. Any responsibility, of course, arises from the agreement of sale between Crompton and Hunter. The terms of this agreement are certainly peculiarly within the control and knowledge of Crompton, one of the parties to the agreement. It does not seem too burdensome to hold Crompton to knowledge of the terms of its purchase agreement and their effect on its rights and liabilities more than nine years after the sale of Hunter was completed. The averment of lack of knowledge or information sufficient to admit or deny the allegations of Paragraph 5 is not proper under these circumstances and plaintiff's allegation should be deemed admitted.

█ The next question is whether Crompton should now be permitted to amend its answer to deny the allegation in Paragraph 5. Crompton relies upon Fed.R.Civ.P. 15(a) which provides that leave to amend an answer should be freely given when justice requires. The Federal Rules clearly favor a liberal attitude towards amendments. The purpose of a permissive attitude is to encourage decision of the case on the merits by allowing parties to present the real issues of the case. *See,* United States v. E. B. Hougham, 364 U.S. 310, 317, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960).

█ A court may deny a request to amend if it bases such denial upon a valid ground. Among the reasons commonly cited for denying permission to amend are that the amendment will result in undue prejudice to the other party, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971), or that it has been unduly delayed, Albee Homes, Inc. v. Lutman, 406 F.2d 11, 14 (3 Cir. 1968). See, 3 J. Moore, Federal Practice ¶ 15.08[4] at 897–898 (1968). Plaintiff claims that Crompton should be denied leave to amend because of undue delay by defendant and prejudice to plaintiff if Crompton's motion is granted.

██ Crompton, as indicated above, knew the basic facts surrounding the manufacture and delivery of the machine no later than October 1, 1971 when it filed answers to interrogatories. It almost certainly knew the essential facts much earlier. Crompton had examined the machinery in question by June, 1971. It had received information concerning the machine from plaintiff's counsel in March, 1971. The proffered reason for this delay, Crompton's recent discovery that it was not liable for such liabilities of Hunter, cannot be considered good cause for the reasons discussed above.

The effect of this delay could be highly prejudicial to the plaintiff. The action arose on November 27, 1969. The two-year statute of limitation expired on November 27, 1971. Plaintiff is now barred from instituting this action against another party. The running of the statute is the serious type of prejudice which may justify a denial of defendant's motion to amend his answer. *See* Strauss v. Douglas Aircraft Co., 404 F.2d 1152 (2 Cir. 1968); Klee v. Pittsburg & W. Va. Ry. Co., 22 F.R.D. 252 (W.D.Pa.1958).

In the present case the action was filed more than 11 months prior to the running of the statute. In its answer to interrogatories and in its third-party complaint Crompton gave a clear indication that it had assumed Hunter's liabilities in cases such as this. It referred

448

to Hunter's agent as "defendant's sales representative" and averred that the machine "was received from defendant". Plaintiff cannot be considered negligent for not discovering Crompton's alleged defense.[4] Crompton never gave any indication prior to June, 1972 that it was asserting such a defense. If plaintiff had received timely notice of this alleged defense he would have had sufficient time to investigate the relationship between Crompton and Hunter and determine which is the proper party. That possibility was denied to him by defendant's long delay.

Crompton cites Jacobs v. McCloskey & Co., 40 F.R.D. 486 (E.D.Pa.1966) to support its motion to amend. In that case the district court permitted a defendant to amend its answer to deny ownership of a building which belonged to its wholly owned subsidiary. The effect of the amendment was to deny recovery from one defendant[5] since the statute had run. The action, however, had been filed only nine days prior to the expiration of the statute and the answer was not filed until after the statute had run. In granting leave to amend the court stated:

"Had the Defendant answered within in the nine day period remaining before the expiration of the statute, thus lulling Plaintiff into believing that his action had been properly brought, this Court would be more sympathetic to the Plaintiff's appeal. However, the Defendant was entitled to forbear responding for the twenty day period specified in the summons. Moreover, it is questionable whether the Plaintiff suffered any prejudice by virtue of the erroneous admission after the statute had expired. The Defendant could have denied ownership at that time, and the Plaintiff's amended complaint against First Pen-

co Realty, Inc., would still have been subject to the defense of the statute of limitations." 40 F.R.D. at 488.

Plaintiff in the present case was certainly lulled by defendant during the period between the filing of the complaint and the running of the statute, and it is unquestionable that he has been prejudiced by the delay.

Under the circumstances of this case defendant's motion to amend will be denied. This may be burdensome to defendant and may deny to it an otherwise valid defense, but that is a situation of its own making. To allow the amendment would be to penalize the plaintiff who is without fault and leave him without a possible remedy for very severe injuries.

4. Plaintiff does not concede that Crompton did not assume liabilities of the type alleged in this case when it purchased Hunter.

5. There was another defendant which remained in the case.