407 F.Supp. 308 (1976)
In re Robert DUNNE, Bankrupt.
LIBERTY LOAN CORPORATION, Plaintiff,
v.
John BOYAJIAN, Trustee, Defendant.
No. 75-1.
United States District Court, D. Rhode Island.
January 9, 1976.
*309 James Cardono, Pawtucket, R. I., for plaintiff.
John Boyajian, Cranston, R. I., for defendant.

OPINION
DAY, District Judge.
This matter is before the Court on the appeal of Liberty Loan Corporation from a decision of the Bankruptcy Court awarding defendant-trustee $1,000 for damages and $1,700 as an attorney's fee on his counterclaim for violations of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. The controversy focuses on a consumer loan agreement made between the said Robert Dunne and Liberty Loan Corporation on August 8, 1974.
The plaintiff, Liberty Loan Corporation, challenges the following determinations made by the Bankruptcy Judge:
I. ". . . Bankrupt's cause of action for its alleged failure to comply with the Consumer Credit Protection Act passes to the trustee under the provisions of § 70a(5) of the Bankruptcy Act." Decision of the Referee, at pp. 2 and 3.
II. ". . . [S]ince plaintiff's suit to reclaim the 1971 Ford is an `adversary proceeding' under Bankruptcy Rule 701, Rule 713 permits the defendant-trustee to assert this counterclaim." Id., at p. 3.
III. "Plaintiff has violated the Consumer Credit Protection Act, and the Regulations promulgated thereunder by 1) failing to accurately describe and clearly identify the security interest taken by plaintiff, 2) failing to make all disclosures together on either the note itself or on a separate statement identifying the transaction, and 3) failing to disclose the amount of credit of which the obligor will have the actual use." Id., at p. 10.
IV. ". . . Liberty Loan Corporation is ordered to pay to John Boyajian, as Attorney for the Defendant, the sum of $1,700 as a reasonable attorney's fee for services rendered in this case." Order of the Referee, July 15, 1975.

I.
In my opinion it is consistent with the legislative purposes of both the Bankruptcy Act and the Consumer Credit Protection Act that a trustee be permitted to prosecute a bankrupt's Truthin-Lending cause of action. See Porter v. Household Finance Corporation, 385 F.Supp. 336, 344 (S.D.Ohio 1974). The language of § 70a must be construed in the light of the purposes of the Bankruptcy *310 Act: to distribute the bankrupt's assets among his creditors and to give the bankrupt a fresh start. Kokoszka v. Belford, 417 U.S. 642, 646, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974). Assets which are rooted in a bankrupt's past financial affairs are normally distributable to his creditors, while assets which accrue in or look to his economic rehabilitation in the future do not pass under § 70a. Porter v. Household Finance Corporation, supra.
While the Court may concur with the Bankruptcy Judge's decision that the cause of action for damages under the Consumer Credit Protection Act passes to the trustee pursuant to subdivision (5) of § 70a, a clearer case is made for the right passing under subdivision (6) of the same section.
Section 70a(6) of the Bankruptcy Act states that the trustee shall be vested with title to "rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property". The counterclaim in the instant case arises from the very terms of the contract existing between the parties relative to said consumer loan transaction. Under the plain language of the statute, said right of action passes to the trustee under § 70a(6) of the Bankruptcy Act. See Dilenschneider, Regulation  Another Role for the Trustee, 48 Am. Bankr.Rev. 209 (1974); Porter v. Household Finance Corporation, supra (holding that the right passes under § 70a(5), but suggesting that it also passes under § 70a(6); cf. Tamm v. Ford Motor Co., 80 F.2d 723 (8th Cir. 1935).
The Truth-in-Lending cause of action is similar to a usury action. Both laws are designed to protect debtors from overreaching by creditors. Each mandates certain disclosures in credit transactions. While there are distinctions between usury and Truth-in-Lending laws, said laws appear to be of the same genre. Rights of action involving the latter should pass to a trustee in the same way as do those involving usury.

II.
Plaintiff contends that despite the fact that it initially invoked the jurisdiction of the Bankruptcy Court by filing its Complaint for reclamation, that Court lacked jurisdiction to entertain the Truth-in-Lending counterclaim.
A review of the record discloses that plaintiff failed to raise this objection either in its Answer to the counterclaim or by motion. According to Rule 915(a), Rules of Bankruptcy Procedure, failure to raise such objection to the Bankruptcy Court's summary jurisdiction constitutes a waiver of that objection. This Court cannot, therefore, review the merits of this jurisdictional objection on appeal. See In re Warren, 387 F.Supp. 1395 (S.D.Ohio 1975).

III.
The Bankruptcy Judge determined that paragraph (M) of plaintiff's disclosure statement constitutes one of several violations of the Consumer Credit Protection Act for which plaintiff is liable.
15 U.S.C. § 1639(a)(8) requires a creditor to provide:
"A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates."
Regulation Z adds that:
"If after acquired property will be subject to the security interest . . this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired."
12 C.F.R. § 226.8(b)(5).
Paragraph (M) of plaintiff's disclosure statement indicates that the loan in question was to be secured by a security interest in a 1971 L.T.D. Ford Sedan and in "all after-acquired property of the same character". Security interests in after-acquired consumer goods, however, are limited by R.I.Gen.Laws § 6A-9-204(4) to those in which the debtor acquired *311 rights within ten days after the secured party gives value.
Plaintiff contends that said automobile is not a consumer good within the contemplation of § 6A-9-204(4). Plaintiff did not specifically include this question in its "Statement of Issues on Appeal", and neither party discussed it in the memoranda filed on appeal. Furthermore, plaintiff has not seen fit to include in the record on appeal a transcript of the hearings in the Bankruptcy Court. There is absolutely nothing in the record to indicate that the Bankruptcy Judge erred in finding that said automobile was a consumer good and in concluding that R.I.Gen.Laws § 6A-9-204(4) is applicable.
Plaintiff's claim in said paragraph (M) that it was taking a security interest in "all after-acquired property of the same character", when such an interest is substantially restricted by law, amounts to an inaccurate and patently inadequate description of the security interest in violation of 15 U.S.C. § 1639(a)(8) and 12 C.F.R. § 226.8(b)(5). Johnson v. Associates Finance, Inc., 369 F.Supp. 1121 (S.D.Ill.1974); cf. Woods v. Beneficial Finance Co. of Eugene, 395 F.Supp. 9 (D.Or.1975). The description of a security interest in after-acquired property must reflect the type of security interest which may be acquired under applicable state law. Federal Reserve Board Opinion Letter No. 829, August 22, 1974.
Accordingly, the Bankruptcy Judge's holding that plaintiff violated the Consumer Credit Protection Act is affirmed. It is unnecessary for this Court to review the Bankruptcy Judge's findings and conclusions with respect to other alleged violations.

IV.
Finally, plaintiff argues that the trustee should be denied all or part of the attorney's fee awarded by the Bankruptcy Judge. Plaintiff suggests that this would have the effect of discouraging trustees from bringing similar suits which build up costs and expenses, but produce little or no results. These contentions are not well taken.
Rule 215(e), Rules of Bankruptcy Procedure, authorizes a trustee to act as his own attorney if the Bankruptcy Judge determines that it is in the best interest of the estate. The Bankruptcy Judge made such a determination and entered an appropriate order authorizing Mr. Boyajian to retain himself as his own attorney on April 9, 1975.
Section 1640(a)(2) directs that a successful party in a Truth-in-Lending action be awarded the costs of the action together with a reasonable attorney's fee as determined by the court. It is well settled that the purpose of this provision is to promote the goals of the Consumer Credit Protection Act by encouraging legitimate suits. Ratner v. Chemical Bank New York Trust Co., 329 F.Supp. 270 (S.D.N.Y.1971).
Plaintiff has failed to include in the record on appeal the transcript of hearings pursuant to which the amount of the attorney's fee was fixed. This Court, therefore, is unable to review in depth the factual and discretionary determinations made by the Bankruptcy Judge relevant to the question of the attorney's fee. The Court does note that in light of the "Summary of Work Done" included in the trustee's "Application for Counsel Fee", filed July 8, 1975, and of comparable awards made in similar suits, the award in this case does not on its face appear excessive. See, e. g., Starks v. Orleans Motors, Inc., 372 F.Supp. 928 (E.D.La.), aff'd, 500 F.2d 1182 (5th Cir. 1974); Ratner v. Chemical Bank New York Trust Company, 54 F.R.D. 412 (S.D.N.Y.1972).
Plaintiff also argues that the award of said attorney's fee must be reversed because the trustee failed to file an affidavit stating whether an agreement or understanding exists between himself and any other person for the division of fees.
Rule 219, Rules of Bankruptcy Procedure, requires that an attorney seeking compensation from the estate of *312 the bankrupt shall include a statement in his application for compensation revealing whether such an agreement or understanding exists. In the instant case the defendant's attorney sought counsel fees from the plaintiff pursuant to the Consumer Credit Protection Act. In addition, the defendant's attorney made it clear in oral argument on this appeal that no agreement or understanding in contravention of Rule 219 exists.
There is nothing in the record on appeal to merit reversal of the Bankruptcy Judge's award of said attorney's fee.
The decision of the Bankruptcy Court is affirmed.