**Delores REID**

v.

**LIBERTY CONSUMER DISCOUNT COMPANY OF PENNSYLVANIA.**

Civ. A. No. 77–2686.

United States District Court, E. D. Pennsylvania.

Jan. 29, 1980.

David A. Scholl, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Arnold J. Wolf, Jablon, Epstein, Weisbord & Wolf, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The defendant, Liberty Consumer Discount Company of Pennsylvania, has moved, pursuant to Fed.R.Civ.P. 55(c), to open a default judgment which this Court granted against it and in favor of the plaintiff, Delores Reid, on November 16, 1977. For the reasons hereinafter set forth, the defendant's motion will be denied.

The record in this case establishes the following: The defendant's home office is in St. Louis, Missouri, but it does business in Pennsylvania. On May 8, 1974, the plaintiff and her husband signed and executed a loan agreement with the defendant. The total amount to be repaid by the plaintiff and her husband to the defendant under this agreement was $4,140.00. As collateral for this loan, the defendant took a security interest in the "real estate used as the Borrowers' principal residence," the "household furnishings and appliances on the Borrowers' premises," and "all after-acquired property of the same character." The defendant secured a confession of judgment from the plaintiff and her husband, which by its terms "would constitute a lien on Borrowers' real property other than their principal residence." In addition, the defendant charged the plaintiff and her husband $132.53 for insurance covering the secured household goods.

On August 4, 1976, the plaintiff was served with a complaint filed by the defendant against the plaintiff and her husband in the Court of Common Pleas of Philadelphia County. The complaint alleged that the plaintiff and her husband had failed to make payments on the loan. After a default judgment was entered

against the plaintiff and her husband in the state court action, the plaintiff consulted her counsel in this action who, on March 9, 1977, wrote a letter to the defendant which informed the defendant that the plaintiff had elected to rescind the loan agreement with the defendant because she was not provided with the material disclosures required by the federal Truth-in-Lending Act (Act) and its regulations. 15 U.S.C.A. § 1601 *et seq.*; 12 C.F.R. § 226.1 *et seq.* The letter demanded that the defendant, in light of the plaintiff's rescission, terminate its security interest and withdraw any claim for finance charges.

The plaintiff instituted this legal action on August 10, 1977, alleging that the defendant had violated 15 U.S.C.A. § 1635(b) in that it failed to effectuate the termination of its security interest and withdraw any claim for finance charges within ten days of the plaintiff's letter of rescission of March 9, 1977. The complaint was served on the defendant's registered agent in Pennsylvania, C. T. Corporation System, on October 4, 1977. On October 26, 1977, the Clerk of this Court entered a default against the defendant "for failure to appear, plead or otherwise defend." On November 18, 1977, this Court entered a default judgment against the defendant which ordered: (1) that the contract between the parties is hereby rescinded; (2) that the defendant not collect any finance charges from the plaintiff; (3) that the defendant terminate any security interest it had in the plaintiff's property; (4) that the defendant pay the sum of $1,000.00 statutory damages to the plaintiff; and (4) that the defendant pay the sum of $300.00 to plaintiff's counsel as attorney's fees. The docket in this case shows that this judgment was entered and copies of it were mailed to the parties on November 18, 1977.

On December 1, 1977, plaintiff's counsel wrote to the defendant, in care of its registered agent in Pennsylvania, and inquired as to when the defendant would comply with the default judgment. In response to his letter of December 1, 1977, plaintiff's counsel received a telephone call on December 13, 1977 from a Mr. James Plack of the defendant's home office in St. Louis. In a letter dated January 4, 1978, plaintiff's counsel wrote to Mr. Plack and again requested that the judgment in this case be satisfied. On January 6, 1978, counsel for the defendant telephoned plaintiff's counsel and requested a copy of the complaint, entry of default, and judgment order, which was mailed to defendant's counsel on January 9, 1978. Defendant's counsel was not heard from again in this matter until May 23, 1978, when he filed the motion to open the default judgment in this case.

■ It is well established that a motion to set aside a default judgment will not be granted unless the moving party shows:

> (1) that the nondefaulting party will not be substantially prejudiced by the reopening, (2) that the defaulting party has a meritorious defense, and (3) that the default was not the result of inexcusable or gross negligence or willful act.

*Trachtman v. T.M.S. Realty and Financial Services,* 393 F.Supp. 1342, 1347 (E.D.Pa. 1975); *Wokan v. Alladin International, Inc.,* 485 F.2d 1232 (3d Cir. 1973); *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir. 1951). Furthermore, to set aside a default judgment, the Court, in accordance with Fed.R.Civ.P. 60(b), must determine whether the motion was made "within a reasonable time." *Central Operating Co. v. Utility Workers of America,* 491 F.2d 245, 253 (4th Cir. 1974); *Thorpe v. Thorpe,* 124 U.S.App.D.C. 299, 364 F.2d 692 (D.C.Cir. 1966); *Nicholson v. Allied Chemical Corp.,* 200 F.Supp. 206 (E.D.Pa.1961); 10 *Wright & Miller, Federal Practice and Procedure* § 2698 (1973). This Court is well aware that "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment." *Medunic v. Lederer,* 533 F.2d 891, 893–94 (3d Cir. 1976). Applying this standard to the defendant's motion to set aside the default judgment in this case, it is our determination that the defendant has not carried the burden applicable to motions to open default judgments.

The defendant in this case has alleged that the plaintiff will not be substantially prejudiced by the opening of the default judgment, but has provided no reasons in support of this position.

In connection with the issue of excusable neglect, the defendant admits that the complaint which was served on the defendant's registered agent in Pennsylvania was forwarded to the defendant's home office in St. Louis. The defendant claims that an answer was not filed "due to an administrative error, involving the transfer of papers within the St. Louis office and the Philadelphia office, which was in a state of flux because of a change of management of the Philadelphia office, and because of a change in counsel representing the Philadelphia office." The failure of the defendant to file an answer in this case led to the entry of default on October 26, 1977, and the entry of the default judgment on November 18, 1977. The defendant, whose burden it is to show "excusable neglect," has provided no explanation concerning the alleged "administrative error" accounting for the defendant's delay, from October 4, 1977 to January 6, 1978, in retaining counsel. Furthermore, no explanation has been offered to the Court as to why the defendant's motion to open the default judgment was not filed until May 23, 1978, more than six months after the defendant was notified of the entry of the default judgment.

■ On the basis of the defendant's inadequate explanation of its failure to answer the complaint, its failure to offer an explanation for its three month delay in retaining counsel, and its greater than six month delay in moving to open the default judgment, the Court concludes that the defendant has not carried its burden of proving that its neglect was excusable. *Baez v. S.S. Kresge Co.*, 518 F.2d 349 (5th Cir. 1975) (per curiam), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976); *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1974); *Thorpe v. Thorpe*, 124 U.S.App.D.C. 299, 364 F.2d 692 (D.C. Cir. 1966); *International Corporate Enterprises, Inc. v. Toshoku, Ltd.*, 71 F.R.D.

215 (N.D.Tex.1976); *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139 (S.D.N.Y.1970); *Nicholson v. Allied Chemical Corp.*, 200 F.Supp. 206 (E.D.Pa.1961). *See Greenspun v. Bogan*, 492 F.2d 375 (1st Cir. 1974). Furthermore, the Court must conclude that the defendant's motion has not been made "within a reasonable time" as required by Rule 60(b). *Central, supra; Thorpe, supra; Nicholson, supra.*

In addition, a defendant seeking to open a default judgment must offer a meritorious defense. In this case, the defendant has alleged four defenses which it claims are meritorious. We conclude, however, that the defendant has not shown a meritorious defense to the plaintiff's complaint.

■ The first defense alleged by the defendant is that the plaintiff did not have the right to rescind the loan agreement she entered with the defendant. An examination of the defendant's proposed answer to the plaintiff's complaint, however, shows that there is no issue as to either the plaintiff's right to rescind the loan agreement or the timeliness of the plaintiff's rescission of the loan agreement under the Act. In her complaint, the plaintiff initially alleged that she verbally rescinded the loan agreement with the defendant within three days of May 8, 1974, the date of the execution of the agreement. The loan agreement could have been rescinded within this period regardless of whether the defendant provided the plaintiff with all of the material disclosures required by the Act. 15 U.S.C.A. § 1635(a) (1976). In its proposed answer, the defendant specifically denied that the plaintiff communicated a notice of rescission to it within this three day period. As hereinafter pointed out, however, regardless of whether the plaintiff rescinded the loan agreement within this three day period, she nevertheless had the legal right to rescind the loan agreement within a period of three years in the event, as she alleged, that the defendant did not comply with the disclosure provisions of the Act. 15 U.S.C.A. § 1635(a), (b), (f) (1976).

■ The plaintiff further alleged that she and her counsel sent a letter to the

defendant on March 9, 1977, which stated that the plaintiff was rescinding the loan agreement and which listed certain material disclosures that the defendant had not furnished to the plaintiff. A copy of this letter was attached to the plaintiff's complaint. To prove that the defendant received the letter, the plaintiff also attached to the complaint copies of the certified mail receipt of the letter and the return receipt signed by the defendant. In its proposed answer, the defendant admitted the existence of the letter and its contents. The defendant did not deny that it had received the letter, but stated in its proposed answer that it "does not have knowledge concerning the actions of the plaintiff." Under Fed.R.Civ.P. 8(b), if the defendant:

> is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. *Id.*

It was within the defendant's knowledge, however, to admit or deny its receipt of the plaintiff's letter. In *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444 (E.D.Pa.1973), the Court stated:

> An answer to an averment in a complaint which states that the party lacks sufficient information or knowledge to admit or deny the averments is permitted by Fed.R.Civ.P. 8(b) and it has the effect of a denial. A party, however, may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading. *See*, 2A J. Moore, Federal Practice ¶ 8.22 (1968). An averment will be deemed admitted when the matter is obviously one as to which defendant has knowledge or information. 58 F.R.D. at 446 (citation omitted).

*See* 2A Moore's Federal Practice ¶ 8.22 (2d ed. 1979). The defendant should certainly have knowledge as to whether it received the plaintiff's letter, particularly since the plaintiff attached to the complaint copies of the letter, its certified mail receipt, and the return receipt signed by the defendant. Moreover, the defendant did not deny that it signed the return receipt. On the basis of the defendant's proposed answer, the Court finds that the defendant has in fact admitted that it received the plaintiff's letter of rescission on March 10, 1977, the date affixed to the return receipt signed by the defendant. Since the defendant has admitted that the material disclosures described in the letter had not been furnished to the plaintiff and that it received the letter within three years of the date of the execution of the loan agreement, as required by 15 U.S.C.A. § 1635(f), the defendant has conceded that the plaintiff has satisfied the Act's requirements for the proper and timely rescission of the loan agreement, pursuant to 15 U.S.C.A. § 1635(a), (b) and (f).

▄ Furthermore, the plaintiff attached to her complaint a copy of the "Combined Statement, Note, Security Agreement, Disbursement Schedule and Election As To Insurance Pertaining To A Loan" agreement that she executed with the defendant. In its proposed answer, the defendant has not alleged that the plaintiff signed any other documents. A review of the comprehensive document reveals two material disclosures that the defendant failed to provide the plaintiff and therefore allowed the plaintiff to unilaterally rescind the agreement. 15 U.S.C.A. § 1635 (1976). Plaintiff's counsel listed both of these nondisclosures in his March 9, 1977 letter to the defendant. One material nondisclosure was the defendant's failure to include the amount of $132.53, which it charged the plaintiff for insurance, in the calculation of the finance charge on the loan. 15 U.S.C.A. § 1605(c) (1976); 12 C.F.R. § 225.4(a)(6) (1979); *Davis v. United Companies Mortgage and Investment of Gretna, Inc.*, 551 F.2d 971 (5th Cir. 1977). Another material nondisclosure was the defendant's failure to inform the plaintiff, in connection with the defendant's security interest in any of the plaintiff's household furnishings and appliances, that

> [n]o security interest attaches under an after-acquired property clause . . . to consumer goods . . . when given as additional security unless the debtor acquires rights in them within ten days after the secured party gives value.

*Pa.Stat.Ann. tit.* 12A, § 9–204(4)(b) (Purdon 1970). *See Cadmus v. Commercial Credit Plan, Inc.,* 437 F.Supp. 1018 (D.Del.1977); *In re Dunne,* 407 F.Supp. 308 (D.R.I.1976); 12 C.F.R. § 226.8(b)(5) (1979). We therefore conclude that the defendant has failed to show that this defense is meritorious.

■ The second defense asserted by the defendant is that section 1640(e) of the Act, which provides that an action for damages and attorney's fees under the Act must be brought "within one year of the date of the occurrence of the violation," bars the plaintiff in this case from an award of damages and attorney's fees. The defendant argues that the date of the occurrence of the violation in this case is May 8, 1974, which is the date on which the parties executed the loan agreement, and that the plaintiff's action is untimely because it was not brought until August 10, 1977. The defendant, however, seems to have confused the three year limitation on the plaintiff's right to rescind the loan agreement provided in section 1640(f) of the Act with section 1640(e). The violation in this case with respect to the plaintiff's claims for damages and attorney's fees was the failure of the defendant to terminate its security interest and withdraw its claim for any finance charges after the plaintiff's rescission of the loan agreement on March 9, 1977. 15 U.S.C.A. § 1635(a), (b), (f) (1976). Since this action was brought within one year of March 9, 1977, the time limitation of section 1640(e) has been satisfied. The defendant has therefore failed to show that this defense is meritorious.

■ The third defense asserted by the defendant is that section 1640(h) of the Act allows the defendant to offset the damages awarded to the plaintiff because the defendant has secured a state court judgment against the plaintiff for her alleged default on the payments of this loan. Section 1640(h) provides:

A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a)(2) of this section against any amount owing to such creditor by

such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party. 15 U.S. C.A. § 1640(h) (1976).

The language of this section, however, does not authorize an offset by "creditors," who are defined in section 1602(f) of the Act as those "creditors who regularly extend, or arrange for the extension of, credit for which the payment of a finance charge is required." Section 1640(h) provides only that the person who has done business with the creditor may not offset amounts for which a creditor may be potentially liable under section 1640(a)(2) unless and until that person has obtained a judgment regarding the creditor's liability. Section 1640(h) was intended to cover the situation where

a debtor attempts to evade payment on a note by deducting the Act's penalty from his payment without a judicial determination of the liability of the lender. *Stephens v. Household Finance Corp.,* 566 P.2d 1163, 1166 (Okl.1977).

We therefore conclude that the defendant has not shown that this defense is meritorious.

■ The final defense asserted by the defendant is that the plaintiff's husband, in his capacity as a joint obligor, was an indispensable party to this litigation. Under Fed.R.Civ.P. 19, however, joint obligors have never been considered indispensable parties. *Wolgin v. Atlas United Financial Corp.,* 397 F.Supp. 1003 (E.D.Pa.1975), *aff'd mem.,* 530 F.2d 966 (3d Cir. 1976); *Trans Pacific Corp. v. South Seas Enterprises, Ltd.,* 291 F.2d 435 (9th Cir. 1961) (per curiam). We therefore conclude that the defendant has not shown that this defense is meritorious.

In conclusion, the motion of the defendant to open the default judgment entered against it in this action will be denied for the following reasons: (a) the defendant has failed to carry its burden of showing "excusable neglect," as required by Rule 60(b); (b) the defendant's motion was not

made "within a reasonable time," as required by Rule 60(b); and (c) the defendant has not shown that it has a meritorious defense. An appropriate order will accordingly be entered.