Yvonne SHERWOOD

v.

SERUBO CADILLAC CO., Provident
Consumer Discount Co., General
Motors Acceptance Corporation.

Civ. A. No. 81-338.

United States District Court,
E. D. Pennsylvania.

April 28, 1981.

Elliot B. Platt, Community Legal Services Inc., Philadelphia, Pa., for plaintiff.

Berle Schiller, Astor, Weiss & Newman and Sheldon C. Gelin, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Pending before this Court is the motion of the defendant Provident Consumer Discount Company ("Provident") to dismiss the complaint of plaintiff Yvonne Sherwood alleging violations of the Truth-in-Lending Act ("the Act" or "TILA"), 15 U.S.C. § 1601 *et seq.*, in connection with a consumer credit, installment, closed-end loan. Provident contends that the complaint must be dismissed because it is barred by the Act's statute of limitations and because a default judgment entered in favor of Provident and against plaintiff by the state Court of Common Pleas is said to be *res judicata* on the matter before this court. Since the filing of this motion, the Common Pleas judgment has been stricken. In view of the Court of Common Pleas' order to strike the default judgment, which has now been appealed, it is unnecessary for me to reach the merits of this contention.

The complaint alleges that in June, 1977, plaintiff purchased a used automobile from defendant Serubo Cadillac Company for the purchase price of $6,500. Plaintiff only had $1,200 of the price; therefore, agents of Serubo arranged for her to obtain financing from Provident and the General Motors Acceptance Corporation ("GMAC") for the amounts of $1,500 and $3,800, respectively. Plaintiff executed a separate promissory note to each company for the loans. As security for the loan from Provident plaintiff gave, *inter alia*, an interest in her principal residence at 6108 Callowhill Street in Philadelphia. She also executed an install-

ment judgment note and mortgage[1] on all of her real property for Provident's use in the event that she defaulted. Plaintiff thereafter defaulted on the notes and in June, 1979 Provident instituted an action in assumpsit in the Philadelphia Court of Common Pleas. On January 28, 1980 plaintiff, through her attorney, notified all the defendants in this action that she was rescinding the loan agreements because they violated the provisions of the TILA. Provident subsequently obtained a default judgment against plaintiff, but this judgment has now been stricken.

Provident contends that this action is barred by 15 U.S.C. § 1640(e) under which plaintiff invokes the jurisdiction of this court. Section 1640(e) provides that

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

Relying on *Bartholomew v. Northampton National Bank of Easton*, 584 F.2d 1288 (3d Cir. 1978), and *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980), Provident argues that plaintiff, by her own admission, notified defendants on January 28, 1980 of her intention to rescind the loan agreements; therefore, this is the date on which the alleged violation occurred for the purpose of computing the limitations period. Since this action was commenced on January 28, 1981 plaintiff's complaint was filed one day beyond the one-year statute of limitations and, consequently, the complaint is barred.

Plaintiff argues that her complaint is not based on the underlying Truth-in-Lending violations, rather "the basis of the action is the defendants' failure to acknowledge and effectuate her rescission, which was permitted because of the underlying violations." (Plaintiff's Brief in Opposition to the Motion to Dismiss at 1.) I find that even though plaintiff's rescission letter was dated January 28, 1980 her cause of action did not arise then. Under 15 U.S.C. § 1635(b) a creditor has ten (10) days within which to respond to a consumer's notice of rescission and until that period has expired no violation of the Act based on the failure to rescind has occurred. Another judge of this court has examined this same issue in *Reid v. Liberty Consumer Discount Co. of Pennsylvania*, 484 F.Supp. 435, 441 (1980) (opinion by Judge Broderick). In *Reid* the court held that a plaintiff's complaint was filed within the one-year statute of limitations period prescribed in 15 U.S.C. § 1640(e) where the violation of the TILA complained of was the defendant's failure to respond to plaintiff's notice of rescission. The *Reid* contract was executed on May 8, 1974, which the defendant argued was the date on which the violation occurred. However, plaintiff sent to the defendant a written notice of rescission on March 9, 1977 and the complaint was filed on August 10, 1977. The court noted that

> The defendant ... seems to have confused the three year limitation on the plaintiff's right to rescind the loan agreement provided in section 1640(f) of the Act with section 1640(e). The violation in this case with respect to the plaintiff's claims for damages and attorney's fees was the failure of the defendant to terminate its security interest and withdraw its claim for any finance charges after the plaintiff's rescission of the loan agreement on March 9, 1977.

*Reid v. Liberty Consumer Discount*, 484 F.Supp. at 441.

1. Provident's promissory note which plaintiff signed defines "judgment note and mortgage" as:

> An installment judgment note signed by Borrower is given in conjunction herewith as collateral security for the performance of this Agreement. Borrower agrees such note may be detached and filed on record before or after any default occurs. In the event of default, Borrower agrees that Provident may proceed against Borrower by issuance of exe-cution on this judgment, or any other legal process available to Provident either by virtue of this judgment note or otherwise. A mortgage on real estate is given in conjunction with this Agreement as additional collateral security for the performance hereof, and it is further agreed that the same may be recorded immediately, before any default occurs, but no foreclosure shall issue thereon until there shall be a default under this Agreement.

In the instant case, like in *Reid*, plaintiff has grounded her prayer for damages and attorney's fees squarely on Provident's failure to answer her notice of rescission which she sent, via counsel on January 28, 1980.[2] *See* Complaint ¶¶ 24, 25. The complaint enumerates, numerous alleged TILA violations of the underlying promissory note for which plaintiff rescinded the agreement. Plaintiff alleges that in failing to comply with plaintiff's request, defendant has violated plaintiff's rescission rights pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.9. Therefore, in this case, as in *Reid*, ten days after the date of the notice of rescission is the earliest pertinent date for determining when the violation occurred for the bar of the statute of limitations to apply.

This result does not conflict with the Third Circuit's holding in *Bartholomew v. Northampton National Bank of Easton, supra*, or the Sixth Circuit's decision in *Rust v. Quality Car Corral, supra*, upon which defendant relies. Unlike the instant case, the plaintiffs in *Bartholomew, supra*, and *Rust, supra*, did not premise their complaints on a violation of their rescission rights; therefore, the courts held that the date on which the contract is executed is the date on which the statute of limitations begins to run as to violations occurring at the time of execution of the contract. Clearly, this action is distinguishable for that reason.

For the reasons set forth above, I deny the motion to dismiss.

---

2. In Provident's answer to plaintiff's complaint, the company specifically denies that it did not respond to plaintiff's notice of rescission; however, the denial is accompanied by this explanation: "On the contrary, it is averred that Provident had correspondence and communication with plaintiff's counsel prior and subsequent to the date of said letter." (Answer of Defendant Provident Consumer Discount Co. at ¶ 25.) I note that Provident has not provided a copy of its reply letter with the answer and that the above quoted explanation is vague by its failure to specify whether the "correspondence and communication" concerned plaintiff's rescission notice.