In re Donna McCAUSLAND a/k/a Donna Blank, Debtor.

Donna McCAUSLAND, Plaintiff,

v.

GMAC MORTGAGE CORPORATION OF PENNSYLVANIA, Defendant.

Bankruptcy No. 85–04475G.
Adv. No. 86–0266G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 13, 1986.

Henry J. Sommer, Margaret E. Taylor, Community Legal Services, Philadelphia, Pa., for the debtor/movant, Donna McCausland a/k/a Donna Bank.

Thomas E. Puleo, Philadelphia, Pa. for the defendant, GMAC Mortg. Corp. of Pennsylvania.

James J. O'Connell, Philadelphia, Pa., standing chapter 13 trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The primary issue in the instant suit brought under the Truth-In-Lending Act ("the TILA"), 15 U.S.C. § 1601 et seq., is whether a mortgage lender's disclosure statement is deficient for failing to indicate that the ten-day limitation of § 9–204 of the Uniform Commercial Code is applicable in light of the fact that the mortgage contains an after acquired property clause. We conclude that the disclosure statement is deficient and that the TILA was thereby breached.

The facts of this case are as follows: [1] In order to purchase a house, the debtor borrowed funds several years ago from the predecessor in interest of GMAC Mortgage

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

Corp. of Pa. ("GMAC"). In exchange for the loan the debtor signed a mortgage in favor of GMAC's predecessor which provided for a lien on the realty:

TOGETHER with all and singular the Buildings and Improvements on said premises, as well as all alterations, additions or improvements now or hereafter made to said premises, and any and all appliances, machinery, furniture and equipment (whether fixtures or not) of any nature whatsoever now or hereafter installed in or upon said premises, Streets, Alleys, Passages, Ways, Waters, Water Courses, Rights, Liberties, Privileges, Hereditaments and Appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the Reversions and Remainders, Rents, Issues and Profits thereof[.]

The disclosure statement stated in pertinent part, as follows:

13. *Collateral.* (a) The loan will be secured by a mortgage on real property located at:

2087 Albright St.

Philadelphia, Pa. 19134

A copy of the mortgage or deed containing a complete description will be delivered to the Borrower(s) at the closing. (b) The loan will also be secured by a warrant or warrants to confess judgment. Filing of such warrant may result in a lien against all real estate now owned or hereafter acquired by the Borrower(s). (c) The above mortgage may secure future advances and after acquired property may be subject to the above liens.

Last year the debtor filed a petition for the adjustment of her debts under chapter 13 of the Bankruptcy Code ("the Code"). Shortly thereafter she filed the instant complaint under the TILA whereby she objected to the size of the claim of GMAC. Under the mortgage the debtor is currently indebted to GMAC in the amount of $24,-291.03.

We note that the TILA is a federal statute which regulates the terms and conditions of consumer credit. Its congressionally declared purpose is to assure the informed use of credit through a meaningful disclosure of credit terms so that consumers may more readily compare different financing options and costs. 15 U.S.C. § 1640; *In Re DiCianno,* 58 B.R. 810 (Bankr.E.D.Pa.1986). For all loans which fall within its purview, the TILA requires a creditor to issue the debtor a disclosure statement summarizing certain information found in the loan documents. The information which must be disclosed is defined in the TILA and Regulation Z, 12 C.F.R. § 226.1 et seq. "Enforcement is achieved in part by a system of strict liability in favor of the consumers who have secured financing when the standards [of disclosure] have not been met." *Thomka v. A.Z. Chevrolet, Inc.,* 619 F.2d 246, 248 (3rd Cir. 1980). There are only two exceptions to the strict liability standard: either the error must be rectified in writing within fifteen days of discovery, 15 U.S.C. § 1640(b), or the error must be an unintentional, bona fide error, 15 U.S.C. § 1640(c). *Thomka,* 619 F.2d at 248. This second exception has been construed to mean "clerical error." *Thomka,* 619 F.2d at 250.

Actions under the TILA must generally be brought within one year of the alleged violation. 15 U.S.C. § 1640(e). Nonetheless, we have held that the one year bar to the institution of suit did not prohibit a debtor from objecting to a proof of claim filed by a lender who allegedly violated the TILA although the bankruptcy and the proof of claim were filed more than one year after the alleged violation. *Hanna v. Lomas and Nettleton* (In Re Hanna), 31 B.R. 424 (Bankr.E.D.Pa.1983); *Werts v. Federal National Mortgage Assoc.,* 48 B.R. 980 (E.D.Pa.1985); § 1640(e). Our decision was based on the conclusion that the debtor's cause of action was in the nature of an offset or recoupment.

Upon a creditor's failure to make necessary disclosures, the TILA provides a debt-

or with several remedies among which is an award of actual damages, attorney's fees and an additional award of up to $1,000.00. 15 U.S.C. 1640(a).[2] Under § 1640(a)(1) and (a)(3) actual damages, attorney's fees and costs may be awarded in any successful action to enforce liability under the TILA or in any case in which a party has a right of rescission under the TILA. In an individual action, rather than a class action, the aggrieved party is also eligible under § 1640(a)(2)(A)(i) for twice the amount of the finance charge of the loan—but in an amount not less than $100.00 nor more than $1,000.00—if the violation is of the type specified in the statutory language following § 1640(a)(3). § 1640(a). An award under § 1640(a)(2)(A)(i) may be pred-

2. § 1640. Civil liability

Individual or class action for damages; amount of award; factors determining amount of award

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000.00 or 1 per centum of the net worth of the creditor; and

(3) in the case of any successful action to enforce foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court. In determining the amount of award in any class action, the court shall consider, among

icated on, *inter alia*, violations of 15 U.S.C. § 1635 or 15 U.S.C. § 1638(a)(3), (a)(4), (a)(5), (a)(6) or (a)(9) plus § 1638(a)(2) (insofar as it requires a disclosure of the "amount financed"). Section 1638(a)(9) requires that the disclosure statement reveal:

§ 1638 Transactions other than under open end credit plan

Required disclosures by creditor

(a) For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable.

\* \* \* \* \* \*

(9) Where the credit is secured, a statement that a security interest has

other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional. In connection with the disclosures referred to in section 1637 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635, section 1637(a), or of paragraph (4), (5), (6), (7), (8), (9), or (10) of section 1637(b) of this title or for failing to comply with disclosure requirements under State law for any term or item which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms or items referred to in section 1637(a) of this title or any of those paragraphs of section 1637(b) of this title. In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title. With respect to any failure to make disclosures required under this part or part D or E of this subchapter, liability shall be imposed only upon the creditor required to make disclosure, except as provided in section 1641 of this title. 15 U.S.C. § 1640(a).

been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type.

15 U.S.C. § 1638(a)(9)[3] The regulations clarifying § 1638(a)(9) specify that:

§ 226.18 Content of disclosures.

For each transaction, the creditor shall disclose the following information as applicable:

\* \* \* \* \* \*

(m) Security interest. The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.

12 C.F.R. § 226.18(m) (1986).

In Pennsylvania, the terms of a mortgage on realty may constitute a security agreement creating an encumbrance in personal property. 13 Pa.Cons.Stat. §§ 9102, 9201; *In Re Bollinger Corp.*, 614 F.2d 924 (3d Cir.1980). Nonetheless, if recordation is necessary for perfection, the proper filing of a financing statement is still required. 13 Pa.Cons.Stat. §§ 9302, 9401. In the absence of the recordation of a financing statement, the security agreement still binds the debtor although it may not be valid as to third parties. 13 Pa.Cons. Stat. §§ 9201, 9301.

As to the attachment of a security interest in consumer goods under an after-ac-quired property clause, the UCC states as follows:

(b) Attachment of security interest under after-acquired property clause.—No security interest attaches under an after-acquired property clause to consumer goods other than accessions (section 9314) when given as additional security unless the debtor acquires rights in them within ten days after the secured part gives value. ·

13 Pa.Cons.Stat. § 9204(b).

■ As applied to the case at bar, the mortgage ostensibly contained a valid after-acquired property clause which would attach, *inter alia,* to the debtor's consumer goods. Section 9204 of the UCC prohibits the attachment of such a security interest to consumer goods unless the debtor acquires rights in the goods within ten days after the secured party gives value. The provisions of the disclosure statement describing the security retained by the lender did not reveal the ten day restriction of 13 Pa.Cons.Stat. § 9204. The case law indicates that such a deficiency is a violation of the TILA.[4] *Kraji v. Provident Consumer Discount,* 525 F.Supp. 145, 152 (E.D.Pa. 1981), *aff'd without opinion,* 688 F.2d 822 (3d Cir.1982); *Reid v. Liberty Consumer Discount Co. of Pa.,* 484 F.Supp. 435, 437, 440–41 (E.D.Pa.1980); *Pollock v. General Finance Corp.,* 535 F.2d 295, 299 (5th Cir. 1976), *reh. den.,* 552 F.2d 1142, *cert. den.,* 434 U.S. 891, 98 S.Ct. 265, 54 L.Ed.2d 176 (1977).

---

**3.** At the time of the origination of the loan the matter currently found in 1638(a)(9) was found in 15 U.S.C. § 1638(a)(10) (1974):
    1638 Sales not under open end credit plans.
    (a) Required disclosures by creditor
    In connection with each consumer credit sale not under an open end credit plan, the creditor shall disclose each of the following items which is applicable:
        \* \* \* \* \* \*
    (10) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates. 15 U.S.C. § 1638(a)(10) (1970).

**4.** The debtor has advanced other bases on which liability may be predicated, but we need not address them since the debtor cannot receive multiple awards simply because several provisions of the statute were violated. 15 U.S.C. § 1640(g).

**670**

Since the violation at issue falls under 15 U.S.C. § 1638(a)(9), the debtor may be awarded twice the finance charge of the loan (subject to a limit of $1,000.00), plus damages and attorneys' fees. 15 U.S.C. § 1640(a). The debtor has proved no actual damages so no liability may be predicated on § 1640(a)(1). Since the finance charge is in excess of $2,000.00, the debtor is entitled to the maximum allowance of $1,000.00 under § 1640(a)(2). She likewise will be awarded counsel fees under § 1640(a)(3). The award of $1,000.00 will simply reduce the debtor's obligation to GMAC by that amount.

As a secondary point, the debtor also objects to GMAC's claim on the basis that the "attorneys' bill" is in excess of the 5% maximum provided under the mortgage. While it is true that the attorneys' fees under the terms of the mortgage at issue are limited to 5% of the outstanding debt, the so-called "attorneys' bill" predominantly consists of court costs incurred in foreclosure. The remainder of this aspect of the claim is attorneys' fees which fall well within the 5% maximum. We will accordingly overrule this aspect of the debtor's objection to the proof of claim.

We will accordingly enter an order awarding the debtor counsel fees and reducing GMAC's claim against the debtor by $1,000.00 from $24,291.03 to $23,291.03. We will overrule the debtor's objection to GMAC's charge for attorneys' fees.