14840. WEINSTEIN, agent, etc., *v.* SCHACTER BROTHERS.

STEPHENS, J. 1. Where a written lease recites that the rent contracted to be paid is evidenced by promissory notes given by the tenant, the notes become a part of the contract, and a stipulation therein to the effect that they are "to be surrendered in case the building is rendered untenantable by fire," although not contained in the lease, is enforceable between the parties to the lease, to all intents and purposes, as a part thereof. The fact that the notes were executed on a date subsequent to the execution of the lease is immaterial.

2. A contract under seal may by its terms, by proper identification and reference thereto, incorporate as a part thereof an instrument not under seal. The fact that the promissory notes referred to in the lease contract and made a part thereof were not under seal will not preclude them from becoming a part of the lease which was executed under seal.

3. Where the notes executed and delivered to the landlord as evidence of the rent contracted for in the lease purport to be signed in his individual capacity by one of the members of the partnership which had executed the lease, although the partner executing the lease in behalf of the partnership was another person, it is inferable that the person executing the notes did so as the authorized agent of the partnership and with intention to bind the partnership.

4. A provision in each one of the notes given for the deferred payments of rent and which is a part of the contract of rental, providing that "this note is to be surrendered in case the building is rendered untenantable by fire," renders the tenants' obligation to pay rent for the entire term void in the event the building rented is rendered "untenantable by fire;" and, since the obligation of the tenants to pay rent and the obligation of the landlord to furnish to the tenants the rented building are reciprocal and correlative, the contract in such event is at an end.

5. A provision in the contract of rental fixing the rights of the parties in the event of damage to the building rented by fire must be construed

with due reference to the rights fixed by such contingency, as well as to the subject-matter of the contract, taking into consideration the nature of the tenants' business conducted in the building and the purposes for which the building is rented.

6. Where the building rented was a storehouse suitable for a mercantile business, and the tenants were a mercantile partnership and actually conducted a mercantile business when occupying the building under the contract of rental, it was clearly within the contemplation of the parties that the building was to be used for the conduct of the tenants' mercantile business, and that the provision in the lease as to the untenantability of the premises as a result of fire is to be construed with reference to the nature of the business conducted.

7. Under such a contract the building becomes untenantable when as a result of fire it becomes damaged to such an extent that it is unfit for the tenant to carry on the mercantile business therein. Such a condition would exist where the building could not be restored to a condition suitable for such purposes by such repairs as could be made without an unreasonable interruption of the business of the tenant. *Wolff* v. *Turner*, 6 *Ga. App.* 366 (65 S. E. 41). See also *Snook &c. Co.* v. *Steiner*, 117 *Ga.* 363 (43 S. E. 775) ; 4 Words and Phrases (2d series), 1096. Such a case, is distinguishable from one in which a provision in the contract of lease abates the rent in the event of a fire merely until the landlord can restore the property, and where, if the building is not substantially destroyed, the tenant cannot partially occupy it and be relieved from paying rent. See, in this connection, 2 Underhill on Landlord and Tenant, 792.

8. This being a suit by the landlord against the tenants to recover the unpaid rent for the remainder of the term, where the tenants defended upon the ground that they had been absolved from their obligation to pay, by reason of the building rented having been rendered untenantable as a result of fire, the trial judge properly admitted the notes in evidence as a part of the contract between the parties and did not err as against the plaintiff in the charge to the jury.

9. The evidence authorized the finding that the rented building had become untenantable within the meaning of the contract. The verdict found was authorized, and no error of law appears.

           *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

              Decided October 4, 1924.

Distraint; from Bibb superior court—Judge Malcolm D. Jones. May 31, 1923.

*Harris, Harris & Witman*, for plaintiff.

*Hatcher & Smith*, for defendants.