## MILLER v CAMARCO CONTRACTORS, Inc.

United States District Court,
S. D. New York.
April 30, 1951.

Joseph Henry Cohen, New York City, for plaintiff.

Clark, Gagliardi & King, White Plains, N. Y., by John B. Gilleran, of White Plains, N. Y., for defendants.

BONDY, District Judge.

The plaintiff, Roy Miller, is a citizen of Pennsylvania; defendant, Camarco Contractors, Inc. is a New York corporation. Plaintiff alleges that he and Joseph M. Camarco, who is president and controlling stockholder of the defendant corporation, operated for a number of years, under the firm name Camarco & Miller, a strip coal mining business in Pennsylvania on behalf of or as agents for the corporation. Plaintiff further alleges a contract of employment with defendant, pursuant to which he was to receive $3,000 a year plus 25% of the net profits from this strip mining enterprise. It is asserted that substantial profits, exceeding $500,000, were realized; and plaintiff now sues the corporation for a balance of the fixed salary allegedly still due, and a share of the profits.

The defense is that plaintiff was not an employee of defendant corporation, but rather a partner of Joseph Camarco; that the partners agreed that plaintiff should receive $3,000 a year and 25% of the net profits, and that he should bear liability for 25% of any losses; that the partnership was financed by the defendant corporation; that of the approximately $1,300,000 in money, materials and services thus advanced to the partnership, $203,453.63 has not yet been repaid to the corporation and that plaintiff, as a partner, is liable to the corporation for 25% of this still outstanding balance. The counterclaim further alleges that plaintiff has already received a sum of $23,564.07, and that this constituted a misappropriation of partnership funds on his part, since the partnership was, by the terms of its agreement with the defendant corporation, obligated to repay the money loaned to it and to pay for materials and services furnished to it before undertaking any distribution of profits. This misappropriation has, it is claimed, damaged the corporation in the amount of the sum so withdrawn, since that sum, had it not been so withdrawn, would have been available for partial payment of the partnership's debt to the corporation. The counterclaim seeks judgment for $23,564.07 as damages, and 25% of the difference between $203,453.63 and $23,564.07 as plaintiff's proportionate share of the partnership's debt to the corporation.

To the defendant corporation's counterclaim, the plaintiff filed a reply, which closely follows Form 20 of the illustrative forms appended to the Federal Rules of Civil Procedure, 28 U.S.C.A. It asserts that the counterclaim fails to state a claim upon which relief can be granted; that if plaintiff is indebted to the defendant corporation, he is indebted jointly with Joseph M. Camarco, a citizen of New York and a resident of this district, who has not been made a party; and denies certain allegations of the counterclaim and admits others.

The defenses of legal insufficiency and failure to join an indispensable or a necessary party, although generally raised by motion, may also be asserted in the responsive pleading. F.R.Civ.P. 12(b) and (d), 28 U.S.C.A. Here the plaintiff has chosen to assert his defenses to the defendant's counterclaim by way of reply. The defendant corporation, however, desires a determination before trial of the two issues thus raised. It has therefore moved, pursuant to Rule 12(f), to strike out the first and second defenses in the plaintiff's reply. Such motion is a proper method of testing the legal adequacy of defenses, see 2 Moore's Federal Practice, Sections 12.06, 12.21(3) (2d ed., 1948), although here, as the defendant corporation states in its brief, its chief purpose is to serve as an application for a pre-trial hearing and determination of these two defenses pursuant to Rule 12(d).

In view of the many questions of law involved, the court is of the opinion that a determination of the legal sufficiency of the counterclaim should await trial. F.R. Civ.P. 12(d); 2 Moore's Federal Practice, supra, Sec. 12.16. The motion to strike the first defense at this time is therefore denied, without in any way determining the legal sufficiency of the counterclaim against plaintiff or of the first defense.

■ The second defense to the counterclaim is that if plaintiff is indebted to the defendant corporation, he is indebted jointly with Joseph M. Camarco, who is thus a conditionally necessary party under Rule 19; and that since he is subject to the jurisdiction of this court both as to service of process and venue, and since his joinder would not oust the jurisdiction of this court over the other parties, the conditions set out in Rule 19(b) are met, and Camarco ought to be made a party.

■■ The contractual obligations of a partnership are joint obligations of the partners both under New York and Pennsylvania law. It has been repeatedly held that a third person who is a joint obligor and is within the court's jurisdiction and whose joinder will not deprive the court of jurisdiction over the other parties is a necessary party. See 3 Moore's Federal Practice, supra, Sec. 19.02, 19.11. Defendant corporation cites Greenleaf v. Safeway Trails, Inc., 2 Cir., 140 F.2d 889, certiorari denied, 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569, as laying down a contrary rule. However, that case held only that a joint obligor is not an indispensable party.

■ In the present case, it is desirable that Joseph Camarco be brought into the action, not only because, upon the counterclaim's allegations, he is a joint obligor, but also because it is possible that at the trial, plaintiff will succeed in proving substantial net profits, while defendant corporation may in turn prove that Camarco & Miller was a partnership, in which case the plaintiff may have a claim against Joseph Camarco for an accounting. In determining whether a party within the court's jurisdiction is a necessary one, consideration may be given to the desirability of effecting a final determination of closely related controversies arising out of the same transaction in one suit, and avoiding multiplicity of litigation. Accordingly, it is ordered that Joseph M. Camarco be joined as a party herein pursuant to Rule 19, with leave to defendant to serve an amended answer and counterclaim, if so advised, pursuant to Rule 15.