**TRANS PACIFIC CORPORATION, a District of Columbia Corporation, Appellant,**

v.

**SOUTH SEAS ENTERPRISES, LTD., et al., Appellees.**

**No. 17254.**

United States Court of Appeals
Ninth Circuit.

June 15, 1961.

██

**436**

Hamilton, Murray, Elliott, Mueller, Aune & Stood, by Richard D. Hamilton, Santa Ana, Cal., for appellant.

1. In Elfer we relied upon McRanie v. Palmer, D.C.Mass.1942, 2 F.R.D. 479, and 2 Barron & Holtzoff, Fed.Prac. & Proc. § 512, p. 62 (which in turn relies on the McRanie case, which does not

Rhyne & Rhyne and Charles S. Rhyne, W. Dean Wagner, Thomas P. Brown, III, Washington, D. C., and J. E. Simpson, Los Angeles, Cal., for appellee.

Before BARNES, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

In a diversity action for breach of contract, the court below dismissed plaintiff-appellant's first amended complaint, for failure to join indispensable parties. This is an appeal from such decision. 28 U. S.C. § 1291.

A party is indispensable if his interest is such that a decree cannot be rendered that will not affect his interest, or if such party's absence leaves the controversy in such a condition that its final determination is wholly inconsistent with equity and good conscience. Barney v. Baltimore City, 1867, 6 Wall. 280, 284, 73 U.S. 280, 284, 18 L.Ed. 825; De Korwin v. First Nat. Bank of Chicago, 7 Cir., 1946, 156 F.2d 858, 861, certiorari denied 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680. 3 Moore, Federal Practice 2150.

Appellees assert that the testimony and records of the absent parties are crucial to a proper determination of this case.

This is an evidentiary problem, and not one that, ipso facto, creates a misjoinder. Appellees' argument confuses the role of the absent persons as witnesses with their role as parties.

Nor, ipso facto, are joint obligors indispensable parties, Greenleaf v. Safeway Trails, Inc., 2 Cir., 1944, 140 F.2d 889, certiorari denied 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569, despite a previous statement by this court to that effect under different circumstances. United States v. Elfer, 9 Cir., 1957, 246 F.2d 941, 946.[1] This is not a suit for rescission (Ward v. Deavers, 1953, 92 U.S.App.D.C. 167, 203 F.2d 72), but for damages for breach of contract. The

state joint *obligors* are indispensable parties, but that joint *obligees* are).

There is sound basis for a distinction between them. Cf. 3 Moore, Federal Practice 2169–2170.

foregoing is said assuming there is here presented a case of joint obligors, *i. e.*, a case where South Sea Enterprises, Ltd., shares a duty (which appellant seeks to enforce) with someone else. No such duty is shown. That the Philps and their corporation (Stuart Barry Philp, Ltd.) and Hotels of the Crown Colony of Fiji, Ltd., had duties under the contract sued upon, performance of which were conditions precedent to South Seas' obligation to deliver the stock to appellant, does not create any common duties between South Seas and any other party.

We hold the court below erred in dismissing appellant's complaint for failure to join indispensable parties. Reversed, and remanded for further proceedings which may be had looking toward a determination of the matter on its merits.