**BRACKIN TIE, LUMBER AND CHIP COMPANY, INC., Plaintiff,**

v.

**McLARTY FARMS, INC., Defendant.**

No. CV 281–95.

United States District Court,
S. D. Georgia,
Brunswick Division.

April 5, 1982.

J. Kenneth Royal, Jesup, Ga., for plaintiff.

Garland T. Byrd, Butler, Ga., James E. Graham, Brunswick, Ga., for defendant.

## ORDER

ALAIMO, Chief Judge.

Brackin Tie, Lumber and Chip Company, Inc. (hereinafter Brackin), a Georgia corporation, filed this diversity action against McLarty Farms, Inc. (hereinafter McLarty), a South Carolina corporation, to recover damages allegedly incurred as the consequence of a breach of contract. The case is presently before the Court on a motion by McLarty to dismiss the complaint for failure to join an indispensable party, Fed.R. Civ.Proc. 12(b)(7), and on a related motion by McLarty to add an indispensable party. *Id.,* R. 19(b).

## FACTS

For the purposes of these motions, the facts are fairly simple and uncontradicted. It is apparent from the complaint that on April 9, 1980, Brackin and McLarty, in conjunction with a third party—Falcon Homes, Inc. (hereinafter Falcon), a Georgia corporation—signed a lease agreement. Therein, Brackin promised to rent a parcel of land to McLarty and Falcon in return for a certain sum of money. Brackin now alleges that McLarty has failed to uphold its end of the bargain by failing to remit the rent payments as they came due and sues for damages.

McLarty responds by asserting that the suit cannot be maintained as presently styled due to the failure to join Falcon. It argues that Falcon, as co-lessee, is an indispensable party under Federal Rule 19(b) and, therefore, must be joined as a defendant. McLarty further maintains that, since the joinder of Falcon would destroy diversity jurisdiction, the case must be dismissed.

## DISCUSSION

The issue of whether or not a party is indispensable to a cause of action must be decided in conformity with the guidelines established in Federal Rule of Civil Procedure 19, which provides:

(a) ... A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest....

(b) ... If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should

be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

In accordance with this rule, the Court must execute a two-step procedure. First, the nonjoined party must be determined to be "necessary" under 19(a). Second, where that "necessary" party cannot be made a party to the case at bar, it must be determined whether that party is "indispensable."

■ In the case *sub judice*, it is clear to this Court that Falcon is a necessary party. Falcon, as co-lessee, has an interest in the subject matter of the litigation. A disposition of the action without joining Falcon may impede its ability to protect that interest. Further, nonjoinder may result in inconsistent judgments whereby McLarty could be held liable for a contract breach while Falcon would not. Fed.R.Civ.Proc. 19(a)(2). If Falcon were joined, however, diversity jurisdiction would be destroyed, since both Brackin and Falcon are Georgia corporations. Accordingly, it remains to be decided "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed." *Id.*, R. 19(b).

■ In a suit based on breach of contract, the question whether a nonjoined party is indispensable depends in part on that party's "status" in relation to a joined party. For example, it is clear that, if the lessees are jointly and severally liable, the lessor may legitimately sue only one lessee and recover the full amount. On the other hand, if the lessees are jointly liable, the

resolution of the issue remains in doubt. In diversity cases, a party's "status" is derived from an examination of the state law. *Wolgin v. Atlas United Financial Corp.*, 397 F.Supp. 1003 (E.D.Pa.1979), *aff'd*, 530 F.2d 966 (3rd Cir. 1976).

■ In this case, the contract is silent on the question whether McLarty and Falcon as lessees are jointly, or jointly and severally, liable. Such being the case, it is presumed that the parties intended to be jointly bound. "Promises of several persons are, in the absence of statute, presumed to be joint and not several, nor joint and several, unless an intention to the contrary is shown in the instrument, . . . ." 17A C.J.S., *Contracts*, § 354 at 349–50. *See Willingham, Weight & Covington v. Glover*, 28 Ga.App. 394, 395–96, 111 S.E. 206 (1922), citing with approval the above-quoted language from Corpus Juris Secundum. *See also Spiegel v. Hays*, 103 Ga.App. 293, 119 S.E.2d 123 (1961) (where three jointly agreed to be bound to a fourth person, the obligation is joint, and not joint and several). *Compare Bank of Lafayette v. Giles*, 208 Ga. 674, 681–82, 69 S.E.2d 78 (1952) (applying the presumption to signatories of a promissory note; the presumption was changed, however, by Georgia's version of the Uniform Commercial Code, Ga. Code Ann. § 109A–3–118(e) (1977)).

Brackin argues, however, that the presumption cannot stand because there is evidence that the lessees intended to be jointly and severally liable under the contract. Brackin points to three notes signed by McLarty and Falcon, given as partial performance of their contractual obligation, wherein it was specifically stated that they were jointly and severally liable for the face amount of the notes. Brackin offers no case support for its position.

■ Unless the contract expressly provides that the rent is to be paid by promissory notes, which it does not in this case, the notes do not become a part of the contract. *See Weinstein v. Schacter Brothers*, 32 Ga.App. 742, 124 S.E. 803 (1924). Hence, the notes are parol evidence and

cannot be considered in determining the intention of the parties where the contract is not ambiguous. *See* Ga.Code Ann. § 20–704(1) (1977). The contract herein provides that the "lessees agree to pay." It is this Court's conclusion that, in light of the aforementioned presumption of joint liability, the words are not ambiguous and clearly evince an intention of the lessees to be jointly bound under the contract. Further, even were the words ambiguous, the evidence advanced by Brackin as support for its position that the lessees are jointly and severally liable is insufficient to rebut the presumption of joint liability for two reasons. First, the notes are a separate obligation between the lessees and a bank necessitated by, but not mandated by, the lease agreement. Thus, they evince a separate contractual arrangement independent of the instant contract. Second, Georgia's version of the Uniform Commercial Code reverses the contractual presumption in favor of joint liability and provides that co-makers of a promissory note are presumed jointly and severally liable. *See* Ga.Code Ann. § 109A–3–118(e) (1979). Thus, the words or the notes are in line with that presumption. Accordingly, for the purposes of this motion, it is the conclusion of this Court that Falcon and McLarty are jointly, but not severally, liable under the contract.

McLarty argues that, because Falcon is jointly liable, it is an indispensable party to this action. McLarty relies to a large extent on *Harrell R. Sumner Contracting Co. v. Peabody Peterson Co.,* 546 F.2d 1227 (5th Cir. 1977), and *Bry-Man's, Inc. v. State,* 312 F.2d 585 (5th Cir. 1967), as support for its position. These cases, however, do not apply to the instant action as they hold that joint *obligees* are indispensable parties. In Black's Law Dictionary, an obligee is defined as the "person in favor of whom some obligation is contracted," whereas an *obligor* is defined as the "person who has engaged to perform some obligation." Black's Law Dictionary 1226 (4th ed. 1968). McLarty, as lessee, owes to Brackin periodic rent payments and is, therefore, an *obligor,* not an obligee. Accordingly, *Harrell* and *Bry-Man's* are inapposite.

■ A review of the case law in this area reveals that the majority of courts hold that, while joint obligees are indispensable parties, joint obligors are not. For example, in *Reid v. Liberty Consumer Discount Company of Pennsylvania,* 484 F.Supp. 435 (E.D.Pa.1980), the court noted: "The final defense asserted by the defendant is that the plaintiff's husband, in his capacity as joint obligor, was an indispensable party to this litigation. Under Fed.R.Civ.P. 19, however, joint obligors have never been considered indispensable parties." *Id.* at 441. *See also Camp v. Gress,* 250 U.S. 308, 317, 39 S.Ct. 478, 482, 63 L.Ed. 997 (1918) (one of several joint contractors is not an indispensable party defendant); *Trans Pacific Corporation v. South Seas Enterprises, Ltd.,* 291 F.2d 435, 436 (9th Cir. 1961) (nor, *ipso facto,* are joint obligors indispensable parties); *Greenleaf v. Safeway Trails, Inc.,* 140 F.2d 889, 890 (2nd Cir.), *cert. denied,* 322 U.S. 736, 64 S.Ct. 1048, 88 L.Ed. 1569 (1944) (same); *Willis v. Semmes, Brown & Semmes,* 441 F.Supp. 1235, 1245 (E.D.Va. 1977) (same); *Wolgin v. Atlas United Financial Corp., supra,* 397 F.Supp. at 1012 (same); *Miller v. Camarco, Cartracters, Inc.,* 11 F.R.D. 560, 562 (S.D.N.Y.1951) (a joint obligor who will not deprive the court of jurisdiction over the other parties is a necessary party). The two cases cited by McLarty, which hold that joint obligors can insist that a co-obligor be joined as a party defendant, represent the minority viewpoint. *See Fredstrom v. Giroux Post, No. 11 of American Legion,* 94 F.Supp. 983, 985 (W.D.Mich.1951); *Schram v. Perkins,* 38 F.Supp. 404, 407 (E.D.Mich.1941). These cases are not, however, controlling precedent in this Court; instead, this Court accepts the majority viewpoint and finds that joint obligors are not indispensable parties to a suit based on breach of contract.

■ The conclusion just reached is also consistent with that found in Moore's Federal Practice.

The case of joint obligors is entirely different and a holding that they were indispensable parties would often prevent en-

forcement of their liability, either because their joinder would oust the court of federal jurisdiction, or one or more of them could successfully object to venue, or, perhaps more important, service of process could not be made upon all of the obligors in any forum, federal or state. As we have noted, many states have made joint liability both joint and several to permit suit without the joinder of all; and even where the liability remains joint, the obligors are only conditionally necessary. Under Rule 19(a) their joinder may be dispensed with whenever the generous conditions of that Rule are satisfied. *Stated somewhat differently all joint obligors should be joined in order that there may be a complete determination of the controversy, provided they are subject to the jurisdiction of the court as to service of process, and their joinder would not destroy federal jurisdiction.*

3A Moore's Federal Practice, ¶ 19.11 (3rd ed. 1979) (emphasis added). In this case, the joinder of Falcon would cause this Court to lose its subject matter jurisdiction and dismissal would be mandated. Since joint obligors are not generally held to be indispensable parties, it follows that "in equity and good conscience" it must be concluded that "the action should proceed among the parties before [the Court.]" Fed.R.Civ.Proc. 19(b).

## CONCLUSION

It is the conclusion of this Court that Falcon is not an indispensable party under Federal Rule 19(b). Accordingly, the motion to dismiss for failure to join an indispensable party is DENIED.