**BRACKIN TIE, LUMBER & CHIP COMPANY, INC., Plaintiff-Appellee,**

v.

**McLARTY FARMS, INC., Defendant-Appellant.**

No. 82–8482

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 2, 1983.

Garland T. Byrd, Butler, Ga., for defendant-appellant.

J. Kenneth Royal, Jesup, Ga., for plaintiff-appellee.

Before RONEY, VANCE and ANDER-SON, Circuit Judges.

PER CURIAM:

Defendant McLarty Farms, Inc. appeals a $38,172.75 jury verdict in this breach of lease action. Defendant does not question the amount of the judgment nor the extent of its own liability. It asserts three errors on this appeal: (1) refusal to permit the defendant to file an amended answer and an amended counterclaim; (2) denial of defendant's motion to add an indispensable party; and (3) refusal to dismiss the action under Fed.R.Civ.P. 12(b)(7) because of failure to join an indispensable party. We affirm.

On the eve of trial defendant sought to file with the court an amended answer and amended counterclaim alleging that plaintiff made fraudulent misrepresentations to gain McLarty's signature on the lease in suit. It is unclear from the record whether the pretrial order served to amend the pleadings. In any event, we affirm the district court's denial of leave to amend for two reasons. First, the allowance of leave to amend after answer lies within the broad discretion of the trial court and is reviewable only for an abuse of discretion. *Local 472 v. Georgia Power Co.*, 684 F.2d 721 (11th Cir.1982); *Rhodes v. Amarillo Hospital District*, 654 F.2d 1148 (5th Cir.1981); Fed.R.Civ.P. 15(a). Defendant has not shown that the refusal to allow this amendment, presented three days prior to trial, was an abuse of discretion. Second, although the court disallowed the amendment, it permitted defendant to present evidence to the jury regarding plaintiff's alleged misrepresentations. Thus the defendant does not show how it suffered any harm by the refusal to allow the amendment.

The lease named two lessees: McLarty Farms, Inc., a South Carolina corporation, and Falcon Homes, Inc., a Georgia corporation. Joinder of Falcon Homes, Inc. as a party to this lawsuit would destroy diversity jurisdiction. The defendant argues that its motion to add Falcon Homes, Inc. as an indispensable party should have been granted, which would have required the case to be dismissed for lack of diversity jurisdiction, or that the trial court should have granted a motion to dismiss under Fed.R.Civ.P. 12(b)(7) for failure to join an indispensable party.

The district court, 95 F.R.D. 328, properly determined that this issue had to be decided in conformity with the guidelines established in Fed.R.Civ.P. 19. The court first determined that Falcon was a necessary party. It then determined that Falcon and McLarty were jointly, but not severally, liable under the contract. The court then reviewed the split of authority on the issue and accepted the majority viewpoint that joint obligors are not indispensable parties to a suit based on breach of contract. We find no error in the district court's discussion and decision on the point, as hereinafter set forth:

McLarty argues that because Falcon is jointly liable, it is an indispensable party to this action. McLarty relies to a large extent on *Harrell & Sumner Contracting Co. v. Peabody Peterson Co.*, 546 F.2d 1227 (5th Cir.1977) and *Bry-Man's, Inc. v. Stute*, 312 F.2d 585 (5th Cir.1963), as support for its position. These cases, however, do not apply to the instant action as they hold that joint obligees are indispensable parties. In Black's Law Dictionary, an obligee is defined as "the person in favor of whom some obligation is contracted," whereas an obligor is defined as the "person who has engaged to perform some obligation." Black's Law Dictionary 1226 (4th ed. 1968). McLarty as lessee owes to Brackin periodic rent payments and is therefore an obligor, not an obligee. Accordingly, Harrell and Bry-Man's are inapposite.

A review of the case law in this area reveals that the majority of courts hold that while joint obligees are indispensable parties, joint obligors are not. For example, in *Reid v. Liberty Consumer Discount*

*Company of Pennsylvania,* 484 F.Supp. 435 (E.D.Pa.1980) the court noted: "The final defense asserted by the defendant is that the plaintiff's husband, in his capacity as a joint obligor, was an indispensable party to this litigation. Under Fed.R. Civ.P. 19, however, joint obligors have never been considered indispensable parties." *Id.* at 441. *See also Camp v. Gress,* 250 U.S. 308, 317 [39 S.Ct. 478, 482, 63 L.Ed. 997] (1919) (one of several joint contractors is not an indispensable party defendant); *Trans Pacific Corporation v. South Seas Enterprises, Ltd.,* 291 F.2d 435, 436 (9th Cir.1961) (nor, *ipso facto,* are joint obligors indispensable parties); *Greenleaf v. Safeway Trails, Inc.,* 140 F.2d 889, 890 (2nd Cir.), *cert. denied,* 322 U.S. 736 [322 U.S. 736, 88 L.Ed. 1569] (1944) (same); *Willis v. Semmes, Bowen & Semmes,* 441 F.Supp. 1235, 1245 (E.D. Va.1977) (same); *Wolgin v. Atlas United Financial Corp.,* 397 F.Supp. 1003, 1012 (E.D.Pa.1975), *aff'd mem.,* 530 F.2d 966 (3rd Cir.1976) (same); *Miller v. Camcarco Contractors, Inc.,* 11 F.R.D. 560, 562 (S.D. N.Y.1951) (a joint obligor who will not deprive the court of jurisdiction over the other parties is a necessary party). The two cases cited by McLarty which hold that joint obligors can insist that a co-obligor be joined as a party defendant represent the minority viewpoint. *See Fredstrom v. Giroux Post, No. 11 of American Legion,* 94 F.Supp. 983, 985 (W.D.Mich.1951); *Schram v. Perkins,* 38 F.Supp. 404, 407 (E.D.Mich.1941). These cases are not, however, controlling precedent in this Court; instead, this Court accepts the majority viewpoint and finds that joint obligors are not indispensable parties to a suit based on breach of contract.

The conclusion just reached is also consistent with that found in Moore's Federal Practice.

The case of joint obligors is entirely different and a holding that they were indispensable parties would often prevent enforcement of their liability, either because their joinder would oust the court of federal jurisdiction, or one or more of them could successfully object to venue, or; perhaps more important, service of process could not be made upon all of the obligors in the forum, federal or state. As we have noted, many states have made joint liability both joint and several to permit suit without the joinder of all; and even where the liability remains joint, the obligors are only conditionally necessary. Under Rule 19(a) their joinder may be dispensed with whenever the generous conditions of that Rule are satisfied. *Stated somewhat differently all joint obligors should be joined in order that there may be a complete determination of the controversy, provided they are subject to the jurisdiction of the court as to service of process, and their joinder would not destroy federal jurisdiction.*

3A Moore's Federal Practice, ¶ 19.11 (3rd ed. 1979) (emphasis added). In this case, the joinder of Falcon would cause this court to lose its subject matter jurisdiction and dismissal would be mandated. Since joint obligors are not generally held to be indispensable parties, it follows that "in equity and good conscience," it must be concluded that "the action should proceed among the parties before [the Court.]" Fed.R.Civ.Proc. 19(b).

AFFIRMED.